UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JAY POMERANZ, On Behalf of Himself and All Others Similarly Situated, | Civil Action No. 1:08-cv-08060-PGG |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. |  |
| THE PRIMARY FUND, et al., |  |
| Defendants. |  |
| RALPH F. MILLER, On Behalf of Himself and All Others Similarly Situated, | Civil Action No. 1:08-cv-08098-PGG |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. |  |
| THE RESERVE, et al., |  |
| Defendants. |  |

[Caption continued on following page.]

MEMORANDUM IN SUPPORT OF THE MOTION OF MICHAEL GOODMAN AND AMY O. GOODMAN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF LEAD COUNSEL

|  |  |
|---|---|
| SANDRA LIFSCHITZ, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>RESERVE MANAGEMENT COMPANY, et al.,<br><br>Defendants. | : : : : : : : : : : : : : : |  Civil Action No. 1:08-cv-08137-PGG<br><br><u>CLASS ACTION</u> |
| GEORGE C. DYER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE RESERVE FUND, et al.,<br><br>Defendants. | : : : : : : : : : : : : | Civil Action No. 1:08-cv-08139-PGG<br><br><u>CLASS ACTION</u> |
| STUART M. KURTZER, PA PROFIT SHARING PLAN, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>THE RESERVE FUND, et al.,<br><br>Defendants. | : : : : : : : : : : : : : | Civil Action No. 1:08-cv-08292-PGG<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

|  |  |
|---|---|
| MICHAEL GOODMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>RESERVE MANAGEMENT COMPANY, INC., et al.,<br><br>    Defendants. | Civil Action No. 1:08-cv-08593-PGG<br><br>CLASS ACTION |
| RICHARD I. WOLGIN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>THE RESERVE FUND, et al.,<br><br>    Defendants. | Civil Action No. 1:08-cv-09525-UA<br><br>CLASS ACTION |
| MARK D. POGOZELSKI, Individually and as Executor of the ESTATE OF RICHARD P. POGOZELSKI, On Behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE RESERVE FUND, et al.,<br><br>    Defendants. | Civil Action No. 1:08-cv-09604-UA<br><br>CLASS ACTION |

I.      **PRELIMINARY STATEMENT**

Presently pending before this Court are at least eight-related securities class action lawsuits (the "Actions") brought on behalf of all persons, other than defendants, who purchased or held the shares of the Primary Fund ("Primary Fund" or the "Fund") offered by The Reserve Fund, during the period from November 18, 2005 to September 16, 2008, inclusive (the "Class Period"), including purchasers and holders in connection with its September 28, 2007 offering (the "Offering"). The Actions seek to pursue remedies under, among other things, the Securities Act of 1933 (the "Securities Act"), the Securities Exchange Act of 1934 (the "Exchange Act") and the Investment Company Act of 1940 (the "Investment Company Act").

Class members Michael Goodman and Amy O. Goodman as Trustee (the "Goodmans") hereby move this Court for an Order to: (i) consolidate the Actions; (ii) appoint the Goodmans as Lead Plaintiffs in the Actions under Section 27 of the Securities Act and Section 21D of the Exchange Act; and (iii) approve the Goodmans's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel.

This motion is made on the grounds that the Goodmans are the most adequate plaintiffs, as defined by the PSLRA. At the end of the Class Period, the value of the shares of the Primary Fund held by the Goodmans based on their Class Period transactions was $92,445.80. *See* Rosenfeld Decl., Ex. B.[1] To the best of our knowledge, this is the greatest financial interest of any moving Class member or Class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions. In addition, the Goodmans, for the purposes of this motion, adequately satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure in

---

[1]     References to the "Rosenfeld Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of David Rosenfeld, dated November 18, 2008 and submitted herewith.

that their claims are typical of the claims of the putative Class and that they will fairly and adequately represent the interests of the Class.

## II.     FACTUAL BACKGROUND[2]

The Reserve Fund is a cash management vehicle for institutions, banks, brokerages, advisors and individual investors and is an open-end, management investment company. The Primary Fund is a money market fund marketed as an alternative to the direct investment of temporary cash balances in short-term instruments. Investors place cash in money market funds with the expectation that returns will not be especially high but also with the expectation that managers will manage the funds in such a way that the funds will maintain a stable $1.00 net asset value ("NAV"). The Primary Fund consists of various classes, each with the intent of maintaining a $1.00 NAV.

The complaint charges the Fund and certain of its officers and directors with violations of the Securities Act, the Exchange Act and the Investment Company. On September 16, 2008, The Reserve Fund announced that with respect to the Primary Fund the value of the debt securities issued by Lehman Brothers Holdings, Inc. (with a face value of $785 million) and held by the Primary Fund had been valued at zero and, as a result, the net asset value of the Primary Fund was now $0.97 per share. This was major news, as this was only the second time in history that a money market fund had "broken the buck" – that is, the share's value was less than a dollar.

According to the complaint, the true facts, which were omitted from the Prospectus and other statements made by defendants during the Class Period, were as follows: (a) the Fund was no longer adhering to its stated objectives of preserving capital, but in an effort to achieve greater yields was pursuing riskier instruments; (b) despite the fact that many observers believed Lehman would be the

---

[2]     These facts are drawn from the allegations in the complaint captioned *Goodman vs. Reserve Management Company Inc., et al.*, Civil Action No. 1:08-cv-8593-PGG.

next Wall Street failure after Bear Stearns collapsed in March 2008, the Fund continued to hold large amounts of Lehman commercial paper; and (c) the Fund's internal controls were inadequate to prevent defendants from taking on excessive risk.

## III.  ARGUMENT

### A.  The Actions Should Be Consolidated For All Purposes

The Actions each assert class claims on behalf of the purchasers of the Fund's shares for alleged violations of the Securities Act, the Exchange Act and the Investment Company Act during the relevant time period.  The Actions name virtually the same defendants and involve the same factual and legal issues.  They are each brought by investors who purchased the Fund's shares during the relevant time period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of the Funds shares at all relevant times.  Consolidation is appropriate where there are actions involving common questions of law or fact.  Fed. R. Civ. P. 42 (a).  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).  That test is met here and, accordingly, the Actions should be consolidated.

### B.  The Goodmans Should Be Appointed Lead Plaintiffs

#### 1.  The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i).  Plaintiff in the action entitled *Jay Pomeranz vs. The*

- 3 -

*Primary Fund, et al.*, 1:08-cv-08060-PGG caused the first notice regarding the pendency of these actions to be published on *Market Wire*, a national, business-oriented newswire service, on September 19, 2008.  *See* Rosenfeld Decl., Ex. A.  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. The Goodmans Satisfy the "Lead Plaintiff" Requirements of the Securities Act and the Exchange Act

#### a. The Goodmans Have Complied With the Securities Act and the Exchange Act and Should Be Appointed Lead Plaintiffs

The time period in which Class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on November 18, 2008.  Pursuant to the provisions

of the PSLRA and within the requisite time frame after publication of the required notice on September 19, 2008, the Goodmans timely move this Court to be appointed Lead Plaintiffs on behalf of all members of the Class.

The Goodmans have duly signed and filed certifications stating that they are willing to serve as representative parties on behalf of the Class. *See* Rosenfeld Decl., Ex. B. In addition, the Goodmans have selected and retained competent counsel to represent themselves and the Class. *See* Rosenfeld Decl., Ex. C. Accordingly, the Goodmans have satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiffs and approval of selection of Lead Counsel, as set forth herein, considered and approved by the Court.

### b.   The Goodmans Have the Requisite Financial Interest in the Relief Sought by the Class

At the end of the relevant time period, as evidenced by, among other things, the accompanying signed certifications, *see* Rosenfeld Decl., Ex. B, the Goodmans purchased shares of the Primary Fund during the Class Period. At the end of the Class Period, these shares were valued at $92,445.80. *See* Rosenfeld Decl., Ex. B. The Goodmans thus have a significant financial interest in this case. Therefore, the Goodmans satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiffs in this Action and should be appointed Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### c.   The Goodmans Otherwise Satisfy Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class

is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two - typicality and adequacy - directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 6, 1997). The Goodmans satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members'") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does

not mean, however, that the claims must be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

The Goodmans satisfy this requirement because, just like all other Class members, they: (1) purchased and held shares of the Primary Fund during the relevant time period; (2) purchased and held shares of the Primary Fund in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, the Goodmans's claims are typical of those of other Class members since their claims and the claims of other Class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Goodmans to represent the Class to the existence of any conflicts between the interests of the Goodmans and the members of the Class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (lst Cir. 1985)).

Here, the Goodmans are adequate representatives of the Class. As evidenced by the injuries suffered by the Goodmans, who purchased and held shares of the Primary Fund at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of the Goodmans are clearly aligned with the members of the Class, and there is no evidence of any antagonism between the Goodmans's interests and those of the other members of the Class. Further, the Goodmans have taken significant steps which demonstrate they will protect the interests of the Class: they have retained competent and experienced counsel to prosecute these claims. In addition,

as shown below, the Goodmans's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, the Goodmans *prima facie* satisfy the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve the Goodmans' Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent.  In that regard, the Goodmans have selected the law firm of Coughlin Stoia as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Secs. Litig.*, in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. *See* Rosenfeld Decl., Ex. C.  Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, No. H-01-3624, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. June 5, 2006).

### IV. CONCLUSION

For all the foregoing reasons, the Goodmans respectfully request that the Court: (i) consolidate the Actions; (ii) appoint the Goodmans as Lead Plaintiffs in the Actions; (iii) approve their selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED: November 18, 2008

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.

*/s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiffs

LANDSKRONER • GRIECO • MADDEN, LTD.
JACK LANDSKRONER
1360 West 9th Street, Suite 200
Cleveland, OH 44113
Telephone: 216/522-9000
216/522-9007 (fax)

Addition Counsel for Plaintiff