EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE THE RESERVE PRIMARY FUND SECURITIES & DERIVATIVE CLASS ACTION LITIGATION | No. 08-cv-8060-PGG (Class Action) |

**STIPULATION AND AGREEMENT OF SETTLEMENT DATED AUGUST 14, 2013**

This stipulation and agreement of settlement (the "Stipulation" or the "Settlement") is entered into between and among: the Third Avenue Institutional International Value Fund, L.P. ("Lead Plaintiff" or "Class Representative"), on behalf of itself and the Class; the Defendants; the Independent Trustees; and the Primary Fund, by and through their respective counsel.

This Stipulation will be submitted in the Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and is subject to the approval of the Court. This Stipulation embodies a global settlement among the Settling Parties as to all claims asserted in the Class Action in their entirety, including those in the Complaint and the Third Party Complaint, as well as Defendants' claims for indemnification, expenses and management fees that Defendants have asserted against shareholder funds.

WHEREAS:

A.      All terms with initial capitalization shall have the meanings ascribed to them in paragraph 1 below.

B.      On and after September 17, 2008, the following twelve putative class action cases were filed in the United States District Court for the Southern District of New York: (1) *Pomeranz v. The Primary Fund*, Case No. 08 Civ. 8060 (PGG); (2) *Miller v. The Reserve*, Case No. 08 Civ. 8098 (PGG); (3) *Third Avenue Institutional International Value Fund, L.P. v. The Reserve Fund*, Case No. 08 Civ. 8103 (PGG); (4) *Lifschitz v. Reserve Management Company, Inc.*, Case No. 08 Civ. 8137 (PGG); (5) *Dyer v. The Reserve Fund*, Case No. 08 Civ. 8139 (PGG); (6) *Kurtzer v. The Reserve Fund*, Case No. 08 Civ. 8292 (PGG); (7) *Goodman v. Reserve Management Company, Inc.*, Case No. 08 Civ. 8593 (PGG); (8) *Shabel v. Bent*, Case No. 08 Civ. 8946 (PGG); (9) *Wolgin v. The Reserve Fund*, Case No. 08 Civ. 9525 (PGG); (10) *Pogolzelski v. The Reserve Fund*, Case No. 08 Civ. 9604 (PGG); (11) *Frenkel v. The Reserve*, Case No. 08 Civ. 10006 (PGG); (12) *Albert Fried &*

*Company, LLC v. The Reserve Fund*, Case No. 08 Civ. 10302 (PGG).  On August 26, 2009, the Court ordered these cases consolidated, appointed Third Avenue Institutional International Value Fund, L.P. as Lead Plaintiff and Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel ("Lead Counsel").

C.      On January 5, 2010, Lead Plaintiff filed the consolidated class action complaint (the "Complaint").

D.      On June 25, 2010, Defendants filed their motion to dismiss.  On August 13, 2010, Lead Plaintiff filed its opposition to the motion to dismiss, and on September 3, 2010, Defendants filed their reply in further support of their motion to dismiss.

E.      On September 30, 2012, the Court granted in part and denied in part Defendants' motion to dismiss the Complaint, noting that the reasons for the Court's ruling would be explained in a forthcoming written opinion.

F.      On January 22, 2013, Defendants filed their answer to the Complaint, and also filed the Third Party Complaint against certain of the Independent Trustees.

G.      Following extensive settlement negotiation efforts, including multiple mediation sessions before the Mediator, certain of the Settling Parties executed a confidential Final Settlement Terms term sheet ("Term Sheet") on February 27, 2013 to settle amongst themselves pursuant to the terms and provisions of this Stipulation.

H.      Based upon its investigation, Lead Counsel has concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiff and the Class, and in their best interests, and has agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (i) the substantial benefits that Lead Plaintiff and the Members of the Class will receive from resolution of the Action as against the Defendants,

(ii) the attendant risks of litigation, (iii) the prior recovery of approximately 99.04% by Members of the Class, and (iv) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

I.      The Fund Board, after investigation and in the exercise of its reasonable business judgment, believes that the terms and conditions of this Stipulation are fair and reasonable and in the best interests of the Primary Fund and its shareholders.

NOW THEREFORE, without any admission or concession by any Settling Party as to the merit or lack of merit, or amount, of the claims in the Action, or as to the merit or lack of merit, or amount, on Defendants' claims for indemnification, expenses and management fees in the SEC Action, it is hereby

STIPULATED AND AGREED, by and among the Settling Parties, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 and other conditions set forth herein, in consideration of the benefits flowing to the parties hereto, that the Action shall be fully, finally and forever compromised, settled, released, discharged and dismissed with prejudice, upon and subject to the following terms and conditions:

<u>DEFINITIONS</u>

1.      As used in this Stipulation, the following terms shall have the meanings specified below.

(a)      "Action" or "Class Action" means the consolidated class action styled *In re The Reserve Primary Fund Securities & Derivative Class Action Litigation,* Civil Action No. 08 Civ. 8060 (PGG) (S.D.N.Y.), including both the Complaint and the Third Party Complaint.

(b)     "Bent" means Bruce R. Bent, Sr.

(c)     "Bent II" means Bruce R. Bent II.

(d)     "Bent III" means Arthur T. Bent III.

(e)     "Cash Contribution" means the cash contribution(s) paid or caused to be paid by Defendants to the Class Settlement Amount as described below in paragraph 9a.

(f)     "Claims Administrator" means Crederian or other claims administrator selected by Lead Counsel with approval of the Fund Board (which approval will not be unreasonably withheld) and the Court.

(g)     "Class" means all Persons who (i) purchased or held shares of the Primary Fund during the period from September 28, 2006 through September 15, 2008 and held them as of 4:00 p.m. ET on September 15, 2008; or (ii) purchased shares of the Primary Fund during the period between 4:00 p.m. ET on September 15, 2008 and September 17, 2008.  Excluded from the Class are:  (a) Defendants; (b) members of the immediate families of Bent, Bent II, and Bent III; (c) the subsidiaries and affiliates of Defendants; (d) any person or entity who is a partner, executive officer, director, trustee or controlling person of the Reserve Defendants or the Primary Fund (including any of their subsidiaries or affiliates); (e) any entity in which any Defendant has a controlling interest; (f) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; and (g) the legal representatives, heirs, successors and assigns of any such excluded party.[1]  Also excluded is any Person who validly excludes himself, herself or itself from the Class.

(h)     "Class Member" or "Member of the Class" means any person or entity who is a member of the Class and who does not exclude himself, herself or itself by filing a valid request for exclusion in accordance with the requirements set forth in the Notice.

---

[1] Notwithstanding the foregoing, neither the Yield Plus Fund (YP) nor the Independent Trustees of the Primary Fund are excluded from the definition of the Class.

(i)    "Class Period" means the period between September 28, 2006 and September 17, 2008, inclusive.

(j)    "Class Representative" or "Lead Plaintiff" means Lead Plaintiff Third Avenue Institutional International Value Fund, L.P.

(k)    "Class Settlement Amount" means, collectively, the Cash Contribution in paragraph 9a below, the Relinquishment Credit in paragraph 9b below, and the State Street Credit in paragraph 9c below.

(l)    "Complaint" means the Consolidated Class Action Complaint, filed by Lead Plaintiff in the Action on January 5, 2010.

(m)    "Court" means the United States District Court for the Southern District of New York.

(n)    "Crederian" means Crederian Fund Services LLC.

(o)    "Defendants" means Reserve Management Company, Inc., Resrv Partners, Inc., Reserve Management Corporation, Bruce Bent Sr., Bruce R. Bent II, and Arthur T. Bent III.

(p)    "Defendants' Counsel" means the law firms of Morgan, Lewis & Bockius LLP and Duane Morris LLP.

(q)    "Effective Date" means the first day following the day on which the settlement contemplated by this Settlement shall become effective as set forth in paragraph 36 below.

(r)    "Expense Fund" means the expense fund established in paragraph 5 of the Court's November 25, 2009 Order (ECF No. 201 in the SEC Action), and subject to the Court's subsequent orders relating to the Primary Fund.

(s)    "Final," when referring to an order or judgment, means the expiration of any time for appeal or review of the Order and Final Judgment, or, if any appeal is filed and not dismissed, after

5

the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired; or, in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and none of the parties hereto elect to terminate this Settlement, the date that such Alternative Judgment is no longer subject to appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired *provided, however*, that any disputes or appeals relating solely to amount, payment or allocation of attorneys' fees and expenses or the Plan of Allocation shall have no effect on finality for purposes of determining the date on which the Order and Final Judgment becomes Final.

(t)     "Final Approval Hearing" or "Settlement Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(u)     "Final Distribution Order" means an order entered by the Court authorizing and directing that the remaining assets of the Primary Fund, including the Net Settlement Fund and the Expense Fund, be distributed, as described in paragraph 27 below.

(v)     "Fund Board" means the current Board of Trustees of the Primary Fund.

(w)     "Future Defense Fund" means the fund established pursuant to paragraph 11a. below.

(x)     "Independent Trustees" means, in their capacities as present or former independent trustees of the Primary Fund, Santa Albicocco, Ronald J. Artinian, William E. Viklund, Edwin Ehlert, Jr., William J. Montgoris, Frank J. Stalzer, Stephen P. Zieniewicz, and Joseph D. Donnelly.

(y)     "Individual Defendants" means Bruce R. Bent, Sr., Bruce R. Bent II, and Arthur T. Bent III.

(z)      "Lead Counsel" means the law firm of Bernstein Litowitz Berger & Grossmann LLP.

(aa)    "Lead Plaintiff" means the Third Avenue Institutional International Value Fund, L.P.

(bb)    "Litigation Expenses" means the reasonable costs and expenses incurred by Plaintiffs' Counsel in connection with commencing and prosecuting the Action, for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.  Litigation Expenses may also include reimbursement of the expenses of Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(a)(4).

(cc)    "Massachusetts Action" means *In the Matter of Reserve Primary Fund*, Docket No. 2008-0079, Commonwealth of Massachusetts, Office of the Secretary of the Commonwealth, Securities Division.

(dd)    "Mediator" means the Hon. Layn R. Phillips (Fmr.).

(ee)    "Net Settlement Fund" means the Settlement Fund less:  (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; and (iii) any attorneys' fees, Litigation Expenses or other costs and expenses awarded by the Court from the Settlement Fund.

(ff)     "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (substantially in the form attached hereto as Exhibit A-1), which is to be sent to Members of the Class as directed by the Court.

(gg)    "Notice and Administration Costs" means the costs, fees and expenses that are incurred in connection with (i) providing notice to the Class; and (ii) administering the Settlement

7

Fund, including any government reporting requirements, tax reporting, or escheat issues.

(hh)   "Order and Final Judgment" means the order(s) and final judgment(s) to be entered in this Action pursuant to paragraph 35 of this Stipulation substantially in the form attached hereto as Exhibit B.

(ii)   "Person" and "Persons" means any individual, corporation, partnership, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity.

(jj)   "Plaintiffs' Counsel" means Lead Counsel and all other counsel who, at the direction and under the supervision of Lead Counsel, represent Class Members in the Action.

(kk)   "Plan of Allocation" means the plan for distributing the remaining assets of the Primary Fund, including the Net Settlement Fund, proposed by Lead Plaintiff, or such other distribution plan that the Court may order.

(ll)   "Post Distribution Expense Amount" means the amount established pursuant to paragraph 11b. below.

(mm)   "Preliminary Approval Order" means the order (substantially in the form attached hereto as Exhibit A) to be entered by the Court preliminarily approving the Settlement and directing that Notice be provided to the Class and that the Summary Notice be published.

(nn)   "Primary Fund" or "Reserve Fund" means the Reserve Primary Fund, n/k/a the Primary Fund-in Liquidation, and the legal entity of which it is an investment series.

(oo)   "Private Investor Suits" means *Henry Ford Health System, et al. v. The Reserve Fund, et al.*, No. 09-cv-05108 (PGG) (S.D.N.Y.); *Ameriprise Financial Services, Inc. v. Reserve Management Company, Inc., et al.*, No. 09-cv-1288 (PGG) (S.D.N.Y.); *BNP Paribas Commodities*

8

*Futures, Inc. v. The Reserve Fund, et al.*, 1:09-cv-05996 (PGG) (S.D.N.Y.); and *BNP Paribas Securities Corp. v. The Reserve Fund, et al.*, 1:09-cv-05997 (PGG) (S.D.N.Y.).

(pp)    "Reimbursement Payments" means the reimbursement to Defendants of certain amounts as described below in paragraph 9b.

(qq)    "Released Claims" means any and all actions, causes of action, claims, damages, demands, duties, issues, judgments, liabilities, losses, matters, obligations, proceedings, and rights of every nature and description whatsoever, whether based on law or equity, on federal, state, local, statutory or common law or any other law, rule or regulation (whether foreign or domestic), including both known claims and Unknown Claims (as defined below), accrued claims and not accrued claims, foreseen claims and unforeseen claims, matured claims and not matured claims, suspected or unsuspected, fixed or contingent and whether or not concealed or hidden, that relate to, concern or in any way involve the Primary Fund, and that have been or could have been asserted through the Effective Date in the Action or in any forum of competent jurisdiction (including a state or federal court) by or on behalf of (a) the Lead Plaintiff or any other Member of the Class, (b) the Defendants, (c) the Primary Fund, or (d) the Independent Trustees.  With respect to the releases being given by Defendants, Independent Trustees, and the Primary Fund, "Released Claims" also includes all claims related to any and all transactions up to the Effective Date between one or more Defendants, on one hand, and the Primary Fund (including its current officers, in their respective capacities as such), Crederian or the Independent Trustees, on the other hand.

(rr)    "Released Parties" means:   (a) the Defendants; (b) the Primary Fund; (c) the Independent Trustees; (d) the trustees, officers, employees, agents, attorneys, successors and assigns of each of the foregoing Released Parties, in their respective capacities as such; (e) Crederian, in its capacity as service provider of the Expense Fund; and (f) Eugene P. Grace, in his capacity as Chief

9

Administrative Officer of Crederian in its capacity as service provider of the Expense Fund, and as an officer of the Primary Fund.

(ss)  "Relinquishment Credit" means the value of the relinquished claims of Defendants as part of the Class Settlement Amount as described below in paragraph 9b.

(tt)  "Reserve Defendants" means Reserve Management Corporation, Resrv Partners, Inc., and Reserve Management Company, Inc.

(uu)  "SEC Action" means *Securities and Exchange Commission v. Reserve Management Company, Inc., et al.,* 09 Civ. 4346 (PGG) (S.D.N.Y.).

(vv)  "Settlement" means this Stipulation and Agreement of Settlement and the settlement contained herein.

(ww)  "Settlement Fund" means the Class Settlement Amount plus any interest earned thereon.

(xx)  "Settling Parties" means (i) Defendants; (ii) Lead Plaintiff on behalf of itself and the Class; (iii) the Independent Trustees; and (iv) the Primary Fund.

(yy)  "Shareholder" means a shareholder of the Reserve Primary Fund still having an outstanding balance as of the applicable date(s) that the Claims Administrator determines the applicable distribution amounts.

(zz)  "Stipulation" means this Stipulation and Agreement of Settlement.

(aaa)  "Summary Notice" or "Publication Notice" means the summary notice (substantially in the form attached hereto as Exhibit A-2), which is to be published as set forth in the Preliminary Approval Order.

(bbb)  "Tax Expenses" means any expenses and costs incurred in connection with the payment of Taxes (including, without limitation, expenses of tax attorneys and/or accountants and

other advisors and expenses relating to the filing or failure to file all necessary or advisable tax returns) related to the Settlement Fund.

(ccc)   "Taxes" means any taxes due and payable with respect to the income earned by the Settlement Fund, including any interest or penalties thereon.

(ddd)   "Third Party Complaint" means the Third Party Complaint filed by Defendants in the Class Action on or about January 22, 2013.

(eee)   "Unknown Claims" means any and all Released Claims that the releasing party does not know or suspect to exist in his, her or its favor at the time of the release of the Released Claims, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Claims, or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Class.  With respect to any and all Released Claims, the parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Settling Parties or Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject

matter of the Released Claims, but the Settling Parties shall expressly – and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have – fully, finally and forever settled and released any and all Released Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Parties acknowledge, and Class Members by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

## CLASS CERTIFICATION

2.      The Class shall have the meaning set forth above in paragraph 1(g) above.  Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Class as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class; (b) appointment of Lead Plaintiff as Class Representative; and (c) appointment of Lead Counsel as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## RELEASE OF CLAIMS

3.      The Settling Parties understand and agree that the obligations incurred pursuant to this Stipulation shall be in full and final disposition of the claims in the Class Action, including in the Complaint and Third Party Complaint; and, upon the Effective Date, certain releases will be

effective as set forth below.

4.    Upon the Effective Date, Lead Plaintiff and Members of the Class shall fully and finally release any and all of the Class Members' Released Claims as against the Released Parties.

5.    Upon the Effective Date, except as set forth herein, Defendants shall fully and finally release any and all current claims and future claims against the Expense Fund or other assets of the Primary Fund, except that nothing herein shall limit Defendants' rights to participate in Shareholder distributions of the remaining assets of the Primary Fund other than distribution of the Cash Contribution, as Shareholders of the Primary Fund, in accordance with the Court's pro rata distribution plan in the Court's November 25, 2009 Order in the SEC Action, and all subsequent orders of the Court related to the pro rata distribution of the Primary Fund.

6.    Upon the Effective Date, Defendants shall fully and finally release any and all Released Claims against Lead Plaintiff, Lead Counsel, any other Class Member, the Primary Fund (including its current officers, in their capacities as such), Crederian, and the Independent Trustees.

7.    Upon the Effective Date, the Independent Trustees and the Primary Fund (including its current officers, in their capacities as such) shall fully and finally release any and all Released Claims against Lead Plaintiff, Lead Counsel, any other Class Member, and Defendants.

8.    Upon the Effective Date, Defendants shall fully and finally release any and all claims that they have asserted or could potentially assert involving State Street Bank and Trust Company, its agents and affiliates and their respective officers, directors and employees, in their respective capacities as such, for which $2.5 million is currently held in the Expense Fund, but that will instead be included as part of the Settlement Fund as described below in paragraph 9c.

**THE SETTLEMENT CONSIDERATION**

9.    The Class Settlement Amount shall be funded as follows:

a. Immediately upon the Effective Date, and simultaneous with the releases provided for herein and the payment of the Reimbursement Payments, Defendants shall pay or cause to be paid into the Primary Fund ten million dollars ($10,000,000) in cash (the "Cash Contribution"; collectively, with the Relinquishment Credit and State Street Credit, the "Class Settlement Amount") which shall be segregated within the Primary Fund;

b. Immediately upon the Effective Date, and simultaneous with the releases provided for herein, Defendants shall relinquish $42,413,368 (the "Relinquishment Credit") of their $72,363,368 in current claims against the Expense Fund set forth in their post-trial submissions to the Court in the SEC Action, including, inter alia, all of their claims against the Expense Fund for management fees, broker and Rule 12b-1 fees, Bent II salary expenses, and prejudgment interest, and shall also have their claim for actual, out-of-pocket defense costs reduced, such that Defendants shall only be reimbursed for their actual, out-of-pocket expenditures in the amount of twenty-nine million, nine-hundred and fifty thousand dollars ($29,950,000) (the "Reimbursement Payments").  Pursuant to wiring instructions that Defendants shall cause to be provided, the Reimbursement Payments shall be made to Reserve Management Company, Inc., subject to Court approval, immediately after the Court grants final approval of the Settlement notwithstanding that the Effective Date has not occurred and notwithstanding any objections or appeals or collateral attack thereon, subject to Defendants' obligation to (i) simultaneously pay or cause to be paid the Cash Contribution; and (ii) cause the Reimbursement Payments to be promptly returned in the event the Court's approval of the Settlement is effectively reversed as a result of a final order on appeal or other proceedings (at which time the Cash Contribution would also be returned).   The

Reimbursement Payments described in this subparagraph 9b. shall be deemed to be allocated as follows:

> (i)      $6,859,254 for Bent I, Bent II, and Bent III defense costs for the SEC's pre-suit investigation;

> (ii)     $10,363,580 for Bent I and Bent II defense costs for the SEC Action;

> (iii)    $11,001,679 for Defendants' unreimbursed expenses administering the Primary Fund from September 2008 through November 2010;

> (iv)     $869,914 for Defendants' unreimbursed expenses in complying with the Court's orders regarding assistance to Crederian and KPMG; and

> (v)      $855,573 for Defendants' unreimbursed independent trustee compensation.[2]

c.      Immediately upon the Effective Date, and simultaneous with the releases provided for herein, the $2.5 million that is currently held in the Expense Fund related to any and all claims that Defendants have asserted or could potentially assert involving State Street Bank and Trust Company, its agents and affiliates and their respective officers, directors and employees, in their respective capacities as such, will be released and made available for distribution to Shareholders as part of the Settlement Fund (the "State Street Credit").  Defendants will take any additional steps necessary to ensure that the State Street Credit will be released and available for distribution to Shareholders pursuant to the Settlement.

10.      Within ninety (90) days following the Effective Date, or as otherwise ordered by the

---

[2] Defendants represent that the amounts in subsections (i) and (ii) reflect an approximately 18% reduction of the base amount of defense costs, exclusive of prejudgment interest, and that the amount in subsection (iii) reflects a deduction of the $1 million that the SEC attributes to Bent II salary expenses.

Court, the Cash Contribution paid by or on behalf of Defendants into the Primary Fund as set forth above in paragraph 9a., shall be distributed to Class Members, through the record holders, pursuant to the Plan of Allocation, or other distribution order as may be ordered by the Court, and the record holders may be required to distribute the settlement proceeds to Class Members to the extent economically feasible.

11.     Subject to paragraphs 9 and 10 above and subparagraphs 11a. and 11b. below, within ninety (90) days following the Effective Date, or as otherwise ordered by the Court, the remaining balance of the assets in the Primary Fund, including the remaining amount of the Net Settlement Fund (less the amount of the Cash Contribution), shall be distributed to Shareholders in accordance with the Court's pro rata distribution plan in the Court's November 25, 2009 Order in the SEC Action, and all subsequent orders of the Court related to the pro rata distribution of the Primary Fund.

a.   Four million dollars ($4,000,000) shall be held back from the remaining assets of the Primary Fund for exclusive use to cover the future defense costs of any and all of the Defendants in the SEC Action, the Massachusetts Action, this Action, and/or any other private investor suits (including but not limited to the Private Investor Suits as defined above), for all defense costs incurred beginning on February 27, 2013.  In the event that all parties in the SEC Action resolve the SEC Action prior to the Final Approval Hearing in this Action, the amount held back shall be decreased from four million dollars ($4,000,000) to five hundred thousand dollars ($500,000).

(i)   In the event that, prior to final Court approval of this Settlement, all of the Private Investor Suits join in this Settlement, no other private investor suits are commenced, shareholders representing no more than

16

0.1% of the assets of the Primary Fund opt out of the Settlement (exclusive of the plaintiffs in the Private Investor Suits), and the SEC Action and the Massachusetts Action are resolved, then upon the Effective Date, any holdback in subparagraph 11a. not yet paid or invoiced for payment shall be made available for distribution to Shareholders pursuant to the distribution plan proposed by Lead Plaintiff.

(ii)   In the event that all the conditions in subparagraph 11a.(i) are not met prior to final Court approval of this Settlement, upon the Effective Date, the holdback pursuant to subparagraph 11a. shall be segregated within the remaining assets of the Primary Fund (the "Future Defense Fund"). Amounts shall be disbursed to Defendants from the Future Defense Fund per approval of the Mediator (or, if the Mediator is unable to continue serving in such role, such other person or entity jointly designated by the Settling Parties), who shall review and confirm Defendants' invoices for reasonableness, within thirty (30) days of submission.  Any fees and expenses of the Mediator (or other designated person or entity) incurred as a result of this paragraph 11 shall be borne by the Future Defense Fund, and paid out of the Future Defense Fund upon approval of the Fund Board (or other designated person or entity in charge of the Primary Fund at the time in the event the Fund Board is no longer in existence).   Any remaining holdback not paid upon thirty (30) days of a final, non-

appealable judgment in the last remaining suit against Defendants as set forth in this subparagraph shall be escheated per applicable law, or as otherwise ordered by the Court.

b. In order to effectuate this paragraph 11, concurrent with the submission of this Stipulation to the Court, the Fund Board shall submit to the Court for approval, with copies to all Settling Parties, a proposed budget of remaining expenditures for the Primary Fund and the Fund Board for which they will be seeking a hold back from the remaining assets of the Primary Fund prior to further distribution to Shareholders. The other Settling Parties may submit papers to the Court objecting to, or opposing, the Fund Board's proposed budget, in which case the Court shall resolve the issues and determine the budget for Fund Board and Primary Fund expenses. The amount of the budget approved by the Court shall be held back from the final distribution of the remaining assets of the Primary Fund to Shareholders. Any remaining amounts for which a Shareholder distribution is not economically feasible shall be escheated as per applicable law.

## **USE OF SETTLEMENT FUND**

12. The Settlement Fund shall be used to pay any:  (i) Taxes and Tax Expenses; (ii) Notice and Administration Costs; and (iii) any attorneys' fees and Litigation Expenses awarded by the Court. The balance remaining in the Settlement Fund, *i.e.,* the Net Settlement Fund, shall be distributed to Class Members and other Shareholders as set forth herein or as otherwise ordered by the Court. All costs and expenses incurred by or on behalf of Lead Plaintiff and the other Members of the Class associated with the Settlement Fund, including but not limited to any attorneys' fees and expenses of Plaintiffs' Counsel, shall be paid from the Settlement Fund as awarded by the

Court.  In no event shall Defendants bear any further or additional responsibility for any such costs or expenses beyond payment of the Class Settlement Amount.

13.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Primary Fund prior to the Effective Date.  All funds held in the Primary Fund, including the Net Settlement Fund, the Future Defense Fund and the amounts referred to in paragraph 11b., above, shall continue to be subject to the supervision of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.

14.    All Taxes (including any interest or penalties) and Tax Expenses of the Settlement Fund shall be considered to be a cost of administration of the Settlement and shall be paid out of the Settlement Fund.  The Settling Parties hereto agree to cooperate with each other, Crederian, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this Stipulation. The Court's Order entered November 18, 2010 (ECF No. 348), and related orders by the Court, in the SEC Action shall continue to apply with respect to the responsibility for submitting tax documents and tax returns for the Primary Fund.

15.    This is not a claims-made settlement.  Except as otherwise provided herein, as of the Effective Date, neither Defendants nor any other Person who paid any portion of the Settlement Fund on any of their behalves, shall have any right to the return of the Settlement Fund or any portion thereof.  If any portion of the Net Settlement Fund remains following distribution to Shareholders as authorized by the Court, any remaining amounts for which a subsequent Shareholder distribution is not economically feasible shall be escheated as per applicable law.

16.    The Claims Administrator shall discharge its duties under the supervision of the Fund Board and Lead Counsel and subject to the jurisdiction of the Court.  Except as otherwise

expressly provided herein, the Released Parties shall have no responsibility whatsoever for the notice and administration of the Settlement, and shall have no liability whatsoever to any person, including, but not limited to, the Class Members, in connection with any such notice and administration.  Crederian shall cause the Notice to be mailed to all Class Members, through the record holders, pursuant to the contact information that Crederian previously obtained in connection with the Court's Order entered November 18, 2010 (ECF No. 348) appointing it as the liquidation agent of the Primary Fund, and subsequent related orders, in the SEC Action. The Fund Board shall also cause the Notice to be posted on the Primary Fund's website, http://www.primary-yieldplus-inliquidation.com.

17.    At the request of Lead Counsel, Crederian shall cause to be paid from the Primary Fund, without further approval from Defendants or the Fund Board or further order of the Court, all reasonable Notice and Administration Costs actually incurred in connection with administering the Settlement.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with providing Notice and distributing the Settlement Fund, and the reasonable fees, if any, related to the Settlement Fund.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned or repaid.

18.    The finality of the Settlement shall not be conditioned on any ruling by the Court concerning the Plan of Allocation or any award of attorneys' fees and expenses.  Any order or proceeding relating to a request for approval of the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or

affect or delay the Effective Date or the effectiveness or finality of the Order and Final Judgment and the release of the Released Claims.

19.     The Plan of Allocation for disbursing the Net Settlement Fund and the remaining assets of the Primary Fund to Class Members and Shareholders that Lead Plaintiff proposes (the "Plan of Allocation") is the pro rata distribution plan in the Court's November 25, 2009 Order in the SEC Action, and all subsequent orders of the Court related to the pro rata distribution of the Primary Fund, with the addition that if the prorated payment to any Class Member or other Shareholder in any distribution calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to those Class Members or Shareholders. The monies that would have been made in distributions that calculate to less than $10.00 will instead be included in the distributions to those Class Members or Shareholders who would receive $10.00 or more, and the calculations will be re-run excluding those who would receive less than $10.00.  For clarification, payments from the Net Settlement Fund and the remaining assets of the Primary Fund may be made through one or more distributions, and the $10.00 minimum will apply to each distribution.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

20.     Lead Counsel will apply to the Court, on behalf of itself and all Plaintiffs' Counsel, for a collective award from the Settlement Fund of attorneys' fees.  Lead Counsel also will apply to the Court for reimbursement from the Settlement Fund of Plaintiffs' Counsel's Litigation Expenses. Litigation Expenses may include reimbursement of the expenses of Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(a)(4).  Attorneys' fees and Litigation Expenses are not the subject of any agreement between the Settling Parties other than what is set forth in this Stipulation.

21.     Lead Counsel shall have the sole authority to allocate the Court-awarded attorneys'

21

fees among Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the prosecution and settlement of the Action.  The Released Parties shall have no responsibility for, and no liability with respect to, the attorneys' fees or expenses that the Court may award in the Action, or to the allocation among Plaintiffs' Counsel.

22.     The procedure for and amounts of any award of attorneys' fees and Litigation Expenses, and the allowance or disallowance by the Court thereof, shall not be a condition of the Settlement.  Lead Counsel shall request that its application for an award of attorneys' fees and Litigation Expenses be considered by the Court separately from the Court's consideration of the fairness and adequacy of the Settlement.  Any order or proceedings relating to such request, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect the releases set forth herein.  The finality of the Settlement shall not be conditioned on any ruling by the Court concerning Lead Counsel's application for attorneys' fees and Litigation Expenses.

23.     Any attorneys' fees and Litigation Expenses that are awarded by the Court may be paid to Lead Counsel from the Primary Fund, subject to Court approval, immediately upon award by the Court notwithstanding that the Effective Date has not occurred and notwithstanding any objections or appeals or collateral attack thereon, subject to Plaintiffs' Counsel's obligation to promptly return the amounts in the event the amounts are modified or eliminated as a result of a final order on appeal or other proceedings.

## CLAIMS ADMINISTRATOR

24.     The Claims Administrator, subject to the supervision, direction and approval of the Fund Board, Lead Counsel and the Court, shall administer and calculate the distribution to Shareholders, oversee distribution of the Net Settlement Fund and perform all claims administration

procedures necessary or appropriate in connection therewith.  Except as otherwise provided herein, Defendants and the other Released Parties shall have no liability, obligation or responsibility for the Notice, administration of the Settlement or disbursement of the Net Settlement Fund.  Defendants shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

25.    The allocation of the Net Settlement Fund among investors is a matter separate and apart from the proposed Settlement between Defendants and Lead Plaintiff, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  No Settling Party may cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in this Action.  Neither Defendants nor any other Released Party shall have any responsibility or liability whatsoever for allocation of the Net Settlement Fund, nor shall Defendants object to the Plan of Allocation proposed by Lead Plaintiff.

26.    Each Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the Class Member's distribution from the Settlement Fund, including, but not limited to, the releases provided for in the Order and Final Judgment. Each Class Member will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the issue of his, her or its status as a Class Member and the validity and amount of the applicable record holder's distribution.  No discovery shall be allowed on the merits of this Action or this Settlement in connection with the distribution of the Settlement Fund.

27.     Lead Counsel and the Fund Board will apply to the Court, with reasonable notice to Defendants, for a Final Distribution Order, *inter alia*:  (i) approving the Claims Administrator's administrative determinations concerning the calculation and distribution of the remaining assets of the Primary Fund, including the Net Settlement Fund, to Class Members and/or Shareholders as set forth herein; (ii) approving payment of any outstanding administration fees and expenses associated with the administration of the Settlement Fund from the Settlement Fund; and (iii) if the Effective Date has occurred, directing payment of the remaining assets of the Primary Fund, including the Net Settlement Fund, to Class Members and/or other Shareholders as set forth herein.

28.     Payment pursuant to the Final Distribution Order shall be final and conclusive against any and all Class Members.

29.     All proceedings with respect to the administration, processing and distribution of the Settlement Fund, and the determination of all controversies relating thereto, including disputed questions of law and fact, shall be subject to the jurisdiction of the Court, except that if any dispute arises out of the Settlement or out of the Term Sheet, the dispute will be resolved by the Mediator, first by way of expedited telephonic mediation, and then, if unsuccessful, by way of final binding non-appealable determination.

## REQUESTS FOR EXCLUSION

30.     A Class Member requesting exclusion from the Class shall be requested to provide the following information to the Claims Administrator:  (i) name, (ii) address, (iii) telephone number, (iv) number of Primary Fund shares owned during the Class Period and, if purchased through a broker or nominee, the name of the broker or nominee, (v) number of Primary Fund shares held at least until 4:00 p.m. ET on September 15, 2008, (vi) number of Primary Fund shares held between 4:00 p.m. ET on September 15, 2008 and September 17, 2008, (vii) the amount

previously received in distributions pursuant to the Court's November 25, 2009 Order and subsequent orders of the Court, and (viii) a statement that the person or entity wishes to be excluded from the Class.  Unless otherwise ordered by the Court, any Class Member who does not submit a timely written request for exclusion as provided by this section shall be bound by the Settlement. Unless otherwise ordered by the Court, Persons who would otherwise be Class Members but who submit valid exclusion requests will not be eligible to participate in distribution of the Cash Contribution, but will otherwise be eligible to participate in the distribution in the remaining assets of the Primary Fund including the remaining amount of the Net Settlement Fund (less the amount of the Cash Contribution), as set forth herein.

31.     Lead Plaintiff will use its best efforts to persuade all plaintiffs in the Private Investor Suits to join in this Settlement and not request exclusion from the Class.

32.     All Settling Parties reserve their rights to communicate with and attempt to persuade any Class Member who requests to be excluded from the Class, to withdraw its request for exclusion.  In the event the exclusion request is withdrawn prior to the Final Approval Hearing, the exclusion request shall be deemed null and void.

33.     The Claims Administrator shall scan and send electronically copies of all requests for exclusion in PDF format (or such other format as shall be agreed) to counsel to the Fund Board, Defendants' Counsel and to Lead Counsel expeditiously (and not more than three (3) business days) after the Claims Administrator receives such a request.

## TERMS OF PRELIMINARY APPROVAL ORDER
## IN CONNECTION WITH SETTLEMENT PROCEEDINGS

34.     Following execution of this Stipulation, Lead Plaintiff, by and through Lead Counsel, shall submit the Stipulation together with its Exhibits to the Court and shall move for entry of the Preliminary Approval Order substantially in the form annexed hereto as Exhibit A.

## TERMS OF ORDER AND FINAL JUDGMENT

35.     Lead Plaintiff, by and through Lead Counsel, shall request that the Court enter an Order and Final Judgment substantially in the form attached hereto as Exhibit B.  The Settlement is expressly conditioned upon, among other things, the entry of an Order and Final Judgment substantially in the form attached hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

36.     The Effective Date of Settlement shall be the latest date when all of the following shall have occurred:

(a)     Defendants have submitted, via *in camera* submissions to the Mediator, information sufficient to substantiate that they do not have substantial personal assets with which to pay a judgment of the magnitude sought by the Class in this Action, and that the Mediator is satisfied with those submissions (which submissions shall be made as soon as practicable);

(b)     the submission of an affidavit or sworn declaration to the Court by the Mediator in support of this Settlement, setting forth the arms-length nature of the Settlement and the reasons why the Settlement, in his view, is fair and reasonable;

(c)     entry of the Preliminary Approval Order;

(d)     approval by the Court of the Settlement, following notice to the Class and a hearing in accordance with Rule 23 of the Federal Rules of Civil Procedure; and

(e)     entry by the Court of an Order and Final Judgment approving of the Settlement, and the expiration of any time for appeal or review of the Order and Final Judgment, or, if any appeal is filed and not dismissed, after the Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired, or, in

26

the event that the Court enters an Alternative Judgment and none of the parties hereto elects to terminate this Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal or review, by certiorari or otherwise, has expired.

37.     Defendants, Lead Plaintiff, the Primary Fund, and the Independent Trustees each shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to the others within thirty (30) days of the date on which: (a) the Court declines to enter the Preliminary Approval Order in any material respect; (b) the Court refuses to approve this Settlement or any material part of it; (c) the Court declines to enter the Order and Final Judgment in any material respect; (d) the Order and Final Judgment is vacated, modified or reversed in any material respect; (e) an Alternative Judgment is vacated, modified or reversed in any material respect; or (f) the Effective Date of Settlement otherwise does not occur. The foregoing list is not intended to limit or impair the parties' rights under the law of contracts of the State of New York with respect to any breach of this Stipulation.  In the event the Settlement and this Stipulation are terminated, the provisions of ¶¶1, 17, 37, 38, and 39 shall survive termination.

38.     Except as otherwise provided herein, in the event the Settlement and this Stipulation are terminated or if the Effective Date fails to occur for any reason, the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action as of February 27, 2013; any paid or incurred Tax and Tax Expenses and Notice and Administration Costs shall be paid out of the Primary Fund; and except as otherwise expressly provided, the Settling Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered and without any prejudice in any way from the negotiation, fact or terms of this Settlement.

## NO ADMISSION OF WRONGDOING

39.     Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation, including exhibits, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a)     shall not be offered or received as evidence of, or be deemed to be evidence of, any presumption, concession or admission with respect to the truth of any fact alleged by any Settling Party or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action (including the Complaint and the Third Party Complaint) or in any other litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault or wrongdoing;

(b)     shall not be offered or received as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document, or as evidence of any infirmity in any claims asserted in the Complaint or the Third Party Complaint;

(c)     shall not be offered or received as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Settling Parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Settlement is approved by the Court, any Person may refer to it to effectuate the liability protection granted them hereunder;

(d)     shall not be construed as an admission or concession that the consideration to be

28

given hereunder represents the amount which could be or would have been recovered after trial; and

(e) shall not be construed as or received in evidence as an admission, concession or presumption that any of the claims in the Complaint or Third Party Complaint are without merit or that damages recoverable under the Complaint or Third Party Complaint would not have exceeded the amounts set forth herein.

## MISCELLANEOUS PROVISIONS

40. Defendants agree that they will use their best efforts to resolve the lawsuit captioned *Reserve Management Co. v. Willkie Farr & Gallagher LLP,* No. 11 Civ. 7045 (PGG) (S.D.N.Y.).

41. All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that a conflict or inconsistency exists between the terms of this Stipulation and the terms of any exhibit hereto, the terms of this Stipulation shall prevail.

42. If a case is commenced in respect of Defendants (or any Person contributing funds to the Settlement Fund on behalf of Defendants) under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver, conservator, or other fiduciary is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Counsel, the parties shall jointly move the Court to vacate and set aside the releases given and the Order and Final Judgment entered, which releases and judgment shall be null and void, and the parties shall be restored to their respective positions in the litigation immediately prior to February 27, 2013, and the Cash Contribution (less Tax and Tax Expenses and

Notice and Administration Costs paid or incurred) and Reimbursement Payments shall be returned.

43.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties or their successors-in-interest.

44.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

45.     The Settling Parties intend the Settlement to be a final and complete resolution of all claims in the Complaint and Third Party Complaint as set forth herein.  Accordingly, the Settling Parties agree not to assert any claim under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Action was brought or defended in bad faith or without a reasonable basis.  The Settling Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

46.     The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

47.     This Stipulation and its exhibits constitute the entire agreement among the Settling Parties as to the Primary Fund, and no representations, warranties or inducements have been made to any Settling Party concerning this Stipulation or its exhibits, other than the representations, warranties and covenants contained and memorialized in such documents.

48.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

49.     The Settling Parties and their respective counsel of record agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Stipulation.

50.     Each counsel signing this Stipulation represents that such counsel has authority to sign this Stipulation on behalf of the respective Settling Party, and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms.

51.     This Stipulation shall be binding upon and shall inure to the benefit of the successors and assigns of the Settling Parties.

52.     Notices to counsel for the Settling Parties required by this Stipulation shall be submitted either by any form of overnight mail, e-mail, facsimile, or in person to each of the signatories below.

53.     Subject to paragraph 29 herein, the administration, consummation and enforcement of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Settling Parties intend that the Court retain jurisdiction for the purpose of, *inter alia*, entering orders, providing for awards of attorneys' fees and Litigation Expenses, and enforcing the terms of this Stipulation and the Settlement.

54.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

55.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys as of August 14, 2013.

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP

By: _____

Max W. Berger (MWB@blbglaw.com)
John C. Browne (johnb@blbglaw.com)
1285 Avenue of the Americas
New York, New York 10019
Tel:    (212) 554-1400
Fax:    (212) 554-1444

*Lead Counsel and Attorneys for Lead Plaintiff and the Class*

MORGAN, LEWIS & BOCKIUS

By: _____

John Dellaportas
101 Park Avenue
New York, NY 10178-0060
Tel:  (212) 309-6000
Fax:  (212) 309-6001
-and-

32

**DUANE MORRIS LLP**
Fran M. Jacobs
1540 Broadway
New York, NY 10036-4086
Tel: (212) 692-1060
Fax: (212) 202-6413

*Attorneys for Defendants*

**GOODWIN PROCTER LLP**

By: *Mark Holland*

Mark Holland
620 Eighth Avenue
New York, NY 10018
Tel: (212) 813-8800
Fax: (212) 353-3333

*Attorneys for the Independent Trustees, the Fund Board,
and the Primary Fund*

33

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE THE RESERVE PRIMARY FUND SECURITIES & DERIVATIVE CLASS ACTION LITIGATION | No. 08-cv-8060-PGG (Class Action) |

## [PROPOSED] ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS:

A.     Lead Plaintiff, the Third Avenue Institutional International Value Fund L.P. ("Lead Plaintiff"), on behalf of itself and the Class; Defendants Reserve Management Company, Inc., Resrv Partners, Inc., Reserve Management Corporation, Bruce Bent Sr., Bruce R. Bent II, and Arthur T. Bent III (the "Defendants"); the Independent Trustees; and the Primary Fund (collectively, the "Settling Parties") have entered into a settlement of the claims asserted in the Action, the terms of which are set forth in the Stipulation and Agreement of Settlement Dated August 14, 2013 (the "Stipulation" or the "Settlement"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, embodies a global settlement among the Settling Parties as to all claims asserted in the Class Action in their entirety, including those in the Complaint and the Third Party Complaint, as well as Defendants' claims for indemnification, expenses and management fees in the SEC Action; and

B.     The Court having read and considered the Stipulation and exhibits thereto, including the proposed (i) Notice; (ii) Summary Notice; and (iii) Order and Final Judgment, and submissions relating thereto, and finding that substantial and sufficient grounds exist for entering this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1

1.     The Court, for purposes of this Order, adopts all defined terms as set forth in the Stipulation.

2.     Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of the Stipulation and effectuating the proposed Settlement, a Class defined as follows:

> all Persons who (i) purchased or held shares of the Primary Fund during the period from September 28, 2006 through September 15, 2008 and held them as of 4:00 p.m. ET on September 15, 2008; or (ii) purchased shares of the Primary Fund during the period between 4:00 p.m. ET on September 15, 2008 and September 17, 2008. Excluded from the Class are: (a) Defendants; (b) members of the immediate families of Bent, Bent II, and Bent III; (c) the subsidiaries and affiliates of Defendants; (d) any person or entity who is a partner, executive officer, director, trustee or controlling person of the Reserve Defendants or the Primary Fund (including any of their subsidiaries or affiliates); (e) any entity in which any Defendant has a controlling interest; (f) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; and (g) the legal representatives, heirs, successors and assigns of any such excluded party.[1] Also excluded is any Person who validly excludes himself, herself or itself from the Class.

3.     The Court preliminarily approves the Settlement on the terms set forth in the Stipulation, subject to further consideration at the final approval hearing to be held before this Court

---

[1] Notwithstanding the foregoing, neither the Yield Plus Fund (YP) nor the Independent Trustees of the Primary Fund are excluded from the definition of the Class.

on _____, 2013, at _:__ _.m., at the United States District Court for the Southern District of New York, 40 Foley Square, Courtroom 705, New York, New York 10007 (the "Settlement Hearing" or "Final Approval Hearing"):

(a)     to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

(b)     to determine whether the Order and Final Judgment as provided for under the Stipulation should be entered, dismissing the Action, on the merits and with prejudice, and to determine whether the releases set forth in the Stipulation should be ordered;

(c)     to determine whether the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses incurred should be approved; and

(d)     to rule upon such other matters as the Court may deem appropriate.

4.     Pending further order of the Court, all litigation activity, except that contemplated herein, in the Stipulation, in the Notice or in the Order and Final Judgment, is hereby stayed and all hearings, deadlines and other proceedings in this Action, except the Settlement Hearing are hereby taken off calendar.

5.     Lead Counsel has the authority to enter into the Stipulation on behalf of the Lead Plaintiff, on behalf of itself and the Class, and is authorized to act on behalf of the Lead Plaintiff, on behalf of Class Members, with respect to all acts or consents required by or that may be given pursuant to the Stipulation, such as other acts that are reasonably necessary to consummate the Settlement.

6.     The Court approves the form, substance and requirements of the Notice and Summary Notice; and finds that the procedures established for mailing and distribution of such

3

Notice and Summary Notice substantially in the manner and form set forth in this Order constitute the best notice practicable under the circumstances and are in full compliance with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

7.      The Claims Administrator shall cause the Notice, substantially in the form annexed hereto as Exhibit A-1, to be mailed, by first class mail, postage prepaid, on or before ten (10) business days after this Order is entered, to all Class Members, through the record holders, pursuant to the contact information that Crederian previously obtained in connection with the Court's Order entered November 18, 2010 (ECF No. 348 in the SEC Action) appointing it as the liquidation agent of the Primary Fund, and subsequent related orders, in the SEC Action (the "Notice Date").

8.      No later than five (5) business days after the Notice Date, the Fund Board shall cause the Notice to be posted on the Primary Fund's website, http://www.primary-yieldplus-inliquidation.com.

9.      Lead Counsel shall cause to be published a summary notice (the "Summary Notice"), annexed hereto as Exhibit A-2, once in the national edition of the *Investor's Business Daily* and over the *PR Newswire* no later than five (5) business days after the Notice Date.

10.     Lead Counsel shall, at or before the Settlement Hearing, cause to be filed with the Court proof of mailing of the Notice.

11.     The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased or otherwise acquired the relevant securities as record owners but not as beneficial owners.  Such nominees who hold or held such securities for beneficial owners who are Class Members are directed to send a copy of the

4

Notice to the beneficial owner of the securities postmarked no more than seven (7) calendar days from the date of receipt of the Notice, or to provide the names and addresses of such persons no later than seven (7) calendar days from the date of receipt of the Notice to the Claims Administrator at the address specified in the Notice, who shall promptly send a copy of the Notice to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

12.    The Court approves the selection of Crederian Fund Services LLC as the Claims Administrator. At the request of Lead Counsel, Crederian shall cause to be paid from the Primary Fund, without further approval from Defendants or the Fund Board or further order of the Court, all reasonable Notice and Administration Costs actually incurred in connection with administering the Settlement. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with providing Notice and distributing the Settlement Fund, and the reasonable fees, if any, related to the Settlement Fund. In the event that the Settlement is terminated pursuant to the terms of the Stipulation, all Notice and Administration Costs properly paid or incurred, including any related fees, shall not be returned or repaid.

13.    Crederian, under supervision of the Fund Board, is authorized to cause to be prepared any tax returns required to be filed for the Primary Fund, including the Settlement Fund, to cause any Taxes or Tax Expenses due and owing to be paid from the Primary Fund without further

Order of the Court, and to otherwise perform all obligations with respect to Taxes and any reportings or filings in respect thereof as contemplated by the Stipulation without further order of the Court.

14.     Lead Counsel shall submit its papers in support of final approval of the Settlement, the Plan of Allocation, and the application for attorneys' fees and reimbursement of Litigation Expenses by no later than thirty-five (35) calendar days before the Settlement Hearing.  Reply papers shall be filed no later than seven (7) calendar days before the Settlement Hearing.

15.     Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A Class Member wishing to make such request shall mail the request in written form to the address designated in the Notice, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.   Such request for exclusion shall clearly indicate that the sender requests to be excluded from the Class in *The Reserve Primary Fund Securities Class Action Litigation*, Civil Action No. 08 Civ. 8060 (PGG), and must be signed by such Person.  Such Persons requesting exclusion are also directed to provide the following information:  (i) name, (ii) address, (iii) telephone number, (iv) number of Primary Fund shares owned during the Class Period and, if purchased through a broker or nominee, the name of the broker or nominee, (v) number of Primary Fund shares held at least until 4:00 pm ET on September 15, 2008, (vi) number of Primary Fund shares held between 4:00 p.m. ET on September 15, 2008 and September 17, 2008, (vii) the amount previously received in distributions pursuant to the Court's November 25, 2009 Order and subsequent orders of the Court, and (viii) a statement that the person or entity wishes to be excluded from the Class.  Unless otherwise ordered

by the Court, any Class Member who does not submit a timely written request for exclusion as provided by this section shall be bound by the Settlement.

16.     Unless otherwise ordered by the Court, Persons who would otherwise be Class Members but who submit valid exclusion requests will not be eligible to participate in distribution of the Cash Contribution, but will otherwise be eligible to participate in the distribution in the remaining assets of the Primary Fund including the remaining amount of the Net Settlement Fund (less the amount of the Cash Contribution), as set forth in the Stipulation.

17.     Any Member of the Class who has not requested exclusion from the Class may appear at the Settlement Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate; why a judgment should not be entered thereon; or why Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should not be granted, *provided, however*, that no Member of the Class shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Order and Final Judgment to be entered approving the same, or the attorneys' fees and reimbursement of Litigation Expenses requested, unless no later than twenty-one (21) calendar days before the Settlement Hearing, such Settlement Class Member has served by hand or by overnight delivery written objections setting forth the basis therefor, and copies of any supporting papers and briefs upon Lead Counsel, John Browne, Esq., Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, 38th Floor, New York, New York 10019; Defendants' Counsel, John Dellaportas, Esq., Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, New York 10178 and Fran Jacobs, Esq., Duane Morris LLP, 1540 Broadway, New York, New York 10168 ("Defendants' Counsel"); and the Independent Trustees' Counsel, Mark Holland, Esq., Goodwin Procter LLP, 620 Eighth Avenue, New York, New York 10018 ("Independent Trustees' Counsel");

7

and has filed said objections, papers and briefs, showing due proof of service upon Lead Counsel, Defendants' Counsel, and Independent Trustees' Counsel with the Clerk of the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York 10007. Any objection must include:  (i) name; (ii) address; (iii) telephone number; (iv) number of Primary Fund shares owned during the Class Period; (v) number of Primary Fund shares owned on or after 4:00 p.m. ET on September 15, 2008, and documentation demonstrating the number of Primary Fund shares owned on or after 4:00 p.m. ET on September 15, 2008, including brokerage confirmation receipts or other competent documentary evidence; (vi) a written statement of all grounds for the objection accompanied by any legal support for the objection; (vii) copies of any papers, briefs or other documents upon which the objection is based; (viii) a list of all Persons who will be called to testify in support of the objection; (ix) a statement of whether the objector intends to appear at the Settlement Hearing; (x) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (xi) the objector's signature, even if represented by counsel.  Persons who intend to object to the Settlement and/or to Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they intend to call to testify, exhibits they intend to introduce into evidence at the Settlement Hearing.

18.    Any Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, or the attorneys' fees and reimbursement of Litigation Expenses requested.

8

19.     Defendants shall timely provide the notice of the settlement set forth in the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, without waiver of the position that such notice may not be required in this Action, and without cost to the Settlement Fund.

20.     The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person or entity to participate in the distribution of the Net Settlement Fund shall be under the authority of this Court.

21.     The Court expressly reserves the right to adjourn the Settlement Hearing, or any adjournment thereof, without any further notice to Class Members other than an announcement at the Settlement Hearing, or any adjournment thereof, and to approve the Stipulation with modification approved by the Settling Parties without further notice to Class Members or other Persons.  The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Action on the merits and with prejudice, regardless of whether it has awarded attorneys' fees and Litigation Expenses.

22.     None of the Released Parties shall have any responsibility whatsoever for any application for attorneys' fees or reimbursement of Litigation Expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

23.     In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or referred to in any action or proceedings by any Person; the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action as of February 27, 2013; and paragraph 38 of the Stipulation shall govern.

9

24.    The Court retains jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: New York, New York
_____, 2013


_____
HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE

10

# EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| IN RE THE RESERVE PRIMARY FUND SECURITIES & DERIVATIVE CLASS ACTION LITIGATION | No. 08-cv-8060-PGG (Class Action) |

---

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT,**
**FINAL APPROVAL HEARING, AND MOTION FOR ATTORNEYS' FEES**
**AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if you purchased or held shares of the Primary Fund during the period between September 28, 2006 through September 17, 2008 (the "Class Period").[1]**

**NOTICE OF SETTLEMENT:  Please also be advised that the Court-appointed Lead Plaintiff in the above captioned case, on behalf of the Class (as defined in ¶1 below), has reached a proposed settlement that will resolve all claims in the Action, and that has the net effect of at least a $54.5 million benefit to Members of the Class and other Primary Fund Shareholders, as explained below (the "Settlement").**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully!**

1. **Description of the Action and the Class:**  This Notice relates to a proposed global settlement among:  (i) Lead Plaintiff Third Avenue Institutional International Value Fund ("Lead Plaintiff" or "Third Avenue"), on behalf of itself and the Class; (ii) the defendants in the Action, Reserve Management Company, Inc., Resrv Partners, Inc., Reserve Management Corporation (the "Reserve Defendants"), Bruce Bent Sr., Bruce R. Bent II, and Arthur T. Bent III (the "Individual Defendants," together with the Reserve Defendants, the "Defendants"); (iii) the Independent Trustees of the Primary Fund ("Independent Trustees"); and (iv) the Primary Fund, as to all claims asserted in the Action in their entirety, including those in the Complaint and the Third Party Complaint filed by Defendants in the Action on or about January 22, 2013 (the "Third Party Complaint"), as well as Defendants' claims for indemnification, expenses and management fees that Defendants have asserted against shareholder funds.  The proposed Settlement, if approved by the Court, will apply to the following Class (the "Class"):  all Persons who (i) purchased or held shares of the Primary Fund during the period from September 28, 2006 through September 15, 2008 and held them as of 4:00 p.m. ET on September 15, 2008; or (ii) purchased shares of the Primary Fund during the period between 4:00 p.m. ET on September 15, 2008 and September 17, 2008.[2]

---

[1]  All capitalized terms that are not defined herein shall have the meaning ascribed to them in the Stipulation and Agreement of Settlement Dated August 14, 2013 (the "Stipulation").

[2]  Excluded from the Class are: (a) Defendants; (b) members of the immediate families of Bruce R. Bent, Sr., Bruce R. Bent II, and Arthur T. Bent III; (c) the subsidiaries and affiliates of Defendants; (d) any person or entity who is a partner, executive officer, director, trustee or controlling person of the Reserve Defendants, or the Primary Fund (including any of their subsidiaries or affiliates); (e) any entity in which any Defendant has a controlling interest;

1

2. **Statement of Class's Recovery:**  Subject to Court approval, and as described more fully below, Lead Plaintiff, on behalf of the Class, Defendants, the Independent Trustees, and the Primary Fund have agreed to settle all Released Claims (as defined in ¶33 below) against Defendants and other Released Parties (as defined in ¶34 below) in exchange for a Settlement that provides a number of benefits to the Class, including a cash payment by Defendants of $10 million (the "Cash Contribution"), the relinquishment of more than $42 million in certain claims (out of a total of approximately $72 million in such claims) that Defendants have asserted against shareholder funds that have been withheld from distribution, and are currently in a Court-ordered Expense Fund, the release of certain asserted and potential litigation claims that would have otherwise likely resulted in additional expenditure from the Expense Fund, the prompt distribution of shareholder funds that have not been distributed to date because of competing claims for them (as described in more detail below), as well as other benefits for the Class.  The terms of the Settlement are explained in greater detail below, but Lead Plaintiff estimates that the benefit of the Settlement to the Members of the Class and other Primary Fund Shareholders is in excess of $54.5 million.

3. **Statement of Average Distribution Per Share:**  Lead Plaintiff proposes a plan for distribution of the remaining assets of the Primary Fund, including the Net Settlement Fund (the Settlement Fund less Taxes, Notice and Administration Costs, and attorneys' fees and expenses awarded by the Court) (the "Plan of Allocation") that is consistent with the pro rata distribution plan in the Court's November 25, 2009 Order in the action encaptioned *Securities and Exchange Commission v. Reserve Management Company, Inc., et al.,* 09 Civ. 4346 (PGG) (S.D.N.Y.) (the "SEC Action"), and all subsequent orders of the Court related to the pro rata distribution of the Expense Fund, including that the distribution may be made through record holders only, or as otherwise ordered by the Court.  In addition, if the potential distribution to any record holder calculates to less than $10.00, that distribution will not be included in the calculation and no distribution will be made to that record holder.  The amount of each distribution to a record holder will depend on, among other things, the number of Primary Fund shares owned on or after September 15, 2008, and the amount previously received in distributions pursuant to the Court's November 25, 2009 Order in the SEC Action and subsequent orders of the Court.  The Claims Administrator, Crederian Fund Services LLC ("Crederian") estimates that, based on a total of 62 billion total shares, the estimated average distribution will be approximately $0.0009 per share as of 4:00 p.m. ET on September 15, 2008,[3] before the deduction of Court-approved fees and Litigation Expenses and other expenses as approved by the Court, as described below.  The distribution amount per record holder may also be increased depending on the amount remaining in the Primary Fund (after expenses and reasonable reserves).

4. **Statement of the Parties' Position on Damages:**  Defendants deny all claims of wrongdoing, that they are liable to Lead Plaintiff and/or the Class or that Lead Plaintiff or other Members of the Class suffered any injury.  Moreover, the parties do not agree on the amount of recoverable damages or on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail on each of the claims.  The issues on which the parties disagree include, but are not limited to:  (1) whether the statements made or facts allegedly omitted were material, false or misleading; (2) whether Defendants are otherwise liable under the securities laws for those statements or omissions, including whether the Class could establish the required element of reliance; and (3) whether all or part of the damages allegedly suffered by Members of the Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5. **Statement of Attorneys' Fees and Expenses Sought:**  Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Class for more than 4.5 years, nor has Lead Counsel been reimbursed for its out-of-pocket expenses.  Lead Counsel will apply to the Court for an

---

(f) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; and (g) the legal representatives, heirs, successors and assigns of any such excluded party.  Notwithstanding the foregoing, neither the Yield Plus Fund (YP) nor the Independent Trustees of the Primary Fund are excluded from the definition of the Class.  Also excluded is any Person who validly excludes himself, herself or itself from the Class.

[3] For purposes of this calculation, it was assumed that, as of 4:00 p.m. ET on September 15, 2008, each share had a per share value of $1.00.

award of attorneys' fees from the Settlement Fund in an amount not to exceed $5 million. In addition, Lead Counsel also will apply for the reimbursement of Litigation Expenses paid or incurred by Plaintiffs' Counsel in connection with the prosecution and resolution of the Action in an amount not to exceed $250,000. If the Court approves Lead Counsel's fee and expense application, Crederian estimates that, based on a total of 62 billion shares, the average cost per share will be approximately $0.00008 per share as of 4:00 p.m. ET on September 15, 2008.[4]

6. **Identification of Attorneys' Representatives:** Lead Plaintiff and the Class are being represented by Bernstein Litowitz Berger & Grossmann LLP ("Lead Counsel"). Any questions regarding the Settlement should be directed to John C. Browne, Esq. at Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, 38th Floor, New York, NY 10019, (866) 648-2524, blbg@blbglaw.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **REMAIN A MEMBER OF THE CLASS TO RECEIVE THE FULL BENEFIT OF THE SETTLEMENT.** | This is the only way to potentially get a payment of the Cash Contribution. If you wish to be potentially eligible to receive a payment out of the Cash Contribution as a Member of the Class, you must remain a Member of the Class. You need not do anything to remain a Member of the Class, and no submission of a claim form is required. Payments will be sent to record holders of the Primary Fund who owned shares during the Class Period and at least until 4:00 p.m. on September 15, 2008, or who purchased shares during the period between 4:00 p.m. ET on September 15, 2008 and September 17, 2008, or as otherwise ordered by the Court. If you are a Class Member but purchased your shares indirectly (e.g., through a broker or nominee), you should contact that broker or nominee immediately, as the Court may order that any distribution be made through the record holders only.

If you remain a Member of the Class, you will be subject to all Orders of the Court in this Action, including any judgment that is entered in the Action. The judgment proposed as part of the Settlement will dismiss with prejudice the claims in the Complaint and the Third Party Complaint and will provide that, upon the Effective Date, Lead Plaintiff and all other Class Members shall be deemed to have fully and finally released the Class Members' Released Claims (as defined below), including Unknown Claims (as defined below) as against the Released Parties (as defined below). |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN** | This is the only option that allows you to ever be part of any other lawsuit against any of the Defendants or the other Released Parties concerning the claims that were, or could have been, asserted in this case. Unless |

[4] For purposes of this calculation, it was assumed that, as of 4:00 p.m. ET on September 15, 2008, each share had a per share value of $1.00.

| | |
|---|---|
| _____. | otherwise ordered by the Court, Persons who would otherwise be Class Members but who submit valid exclusion requests will **not** be eligible to participate in distribution of the Cash Contribution, but will otherwise be eligible to participate in the distribution in the remaining assets of the Primary Fund including the remaining amount of the Net Settlement Fund (less the amount of the Cash Contribution), as set forth herein.<br><br>**PLEASE NOTE:** If you choose to exclude yourself from the Class, you should carefully review the Court's November 25, 2009 Order in the SEC Action (as described in Paragraph 43 below), which may prevent you from asserting certain litigation claims against Defendants and others and may further compel you to distribute *pro rata* to all shareholders any litigation recovery you may achieve. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING WRITTEN OBJECTIONS SO THAT THEY ARE *RECEIVED* NO LATER THAN _____.** | Write to the Court and explain why you do not like the proposed Settlement or the request for attorneys' fees and reimbursement of expenses.  You cannot object to the Settlement unless you are a Class Member and do not exclude yourself. |
| **GO TO THE HEARING ON _____ AT __:__ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____.** | Ask to speak in Court about the fairness of the Settlement or the request for attorneys' fees and reimbursement of expenses. |

## WHAT THIS NOTICE CONTAINS

| | |
|---|---|
| Why Did I Get This Notice? | Page |
| What Is This Case About?  What Has Happened So Far? | Page |
| How Do I Know If I Am Affected By The Settlement? | Page |
| What Are The Lead Plaintiff's Reasons For The Settlement? | Page |
| What Might Happen If There Were No Settlement? | Page |
| How Much Will My Payment Be? | Page |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page |
| What Payment Are The Attorneys For The Class Seeking?  How Will The Lawyers Be Paid? | Page |
| How Do I Participate In The Settlement?  What Do I Need To Do? | Page |
| What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself? | Page |
| When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement? | Page |
| What If I Bought Shares On Someone Else's Behalf? | Page |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page |

| WHY DID I GET THIS NOTICE? |
|---|

7.     This Notice is being sent to you pursuant to an Order of the United States District Court for the Southern District of New York (the "Court") because you or someone in your family may be a Class Member or because you or someone in your family may be a record holder of shares of the Primary Fund purchased or held during the Class Period.  The Court has directed us to send this Notice because Class Members have a right to know about their options before the Court rules on the proposed Settlement of this case.  Additionally, Class Members have the right to understand how a class action lawsuit may generally affect their legal rights.  If the Court approves the Settlement, a claims administrator approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

8.     A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.  Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class.  (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Be A Part Of The Settlement?  How Do I Exclude Myself?" located below.)  In the Action, the Court has directed that Lead Plaintiff and Lead Counsel shall have primary responsibility for prosecuting all private securities claims against Defendants on behalf of the Class.

9.     The Court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *In re The Reserve Primary Fund Securities & Derivative Class Action Litigation*, Civil Action No. 08 Civ. 8060 (PGG) (the "Action").  The Judge presiding over this case is the Honorable Paul G. Gardephe, United States District Judge.  The people who are suing are called plaintiffs, and those who are being sued are called defendants.  In this case, the primary plaintiff is referred to as the Lead Plaintiff, on behalf of itself and the Class, and Defendants are Reserve Management Company, Inc., Resrv Partners, Inc., Reserve Management Corporation, and the Individual Defendants.

10.    This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement if you wish to do so.  It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement and the application by Lead Counsel for attorneys' fees and reimbursement of expenses (the "Settlement Hearing").

11.    The Settlement Hearing will be held on _____, at _____ __.m., before the Honorable Paul G. Gardephe, at the United States District Court for the Southern District of New York, 40 Foley Square, Courtroom 705, New York, New York, 10007, to determine, among other things:

      (i)      whether the proposed Settlement on the terms and conditions provided for in the Stipulation and Agreement of Settlement (the "Stipulation") is fair, reasonable, and adequate and should be approved by the Court;

      (ii)     whether a judgment should be entered, dismissing the Action, including the Complaint and the Third Party Complaint, on the merits and with prejudice, and whether the releases provided in the Stipulation (as explained in paragraphs 32-36 below) should be ordered; and

      (iii)    whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses incurred should be approved by the Court.

12. This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments will be made after any appeals are resolved. Please be patient.

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

13. This case arises from the Primary Fund's disclosure on September 16, 2008 that its Net Asset Value ("NAV") had declined below $1.00 per share due to losses on more than $785 million in investments in commercial paper and other debt issued by Lehman Brothers Holdings, Inc. The Primary Fund subsequently suspended redemption requests and proceeded to begin liquidating. A number of civil actions were filed against Defendants and others, including a putative class action filed by Lead Plaintiff on September 19, 2008 and captioned *Third Avenue Institutional International Value Fund, L.P. v. The Reserve Fund*, Case No. 08 Civ. 8103 (PGG). In addition to Lead Plaintiff's putative class action, on and after September 17, 2008, the following additional putative class action cases were filed in the United States District Court for the Southern District of New York: (1) *Pomeranz v. The Primary Fund*, Case No. 08 Civ. 8060 (PGG); (2) *Miller v. The Reserve*, Case No. 08 Civ. 8098 (PGG); (3) *Lifschitz v. Reserve Management Company, Inc.*, Case No. 08 Civ. 8137 (PGG); (4) *Dyer v. The Reserve Fund*, Case No. 08 Civ. 8139 (PGG); (5) *Kurtzer v. The Reserve Fund*, Case No. 08 Civ. 8292 (PGG); (6) *Goodman v. Reserve Management Company, Inc.*, Case No. 08 Civ. 8593 (PGG); (7) *Shabel v. Bent*, Case No. 08 Civ. 8946 (PGG); (8) *Wolgin v. The Reserve Fund*, Case No. 08 Civ. 9525 (PGG); (9) *Pogolzelski v. The Reserve Fund*, Case No. 08 Civ. 9604 (PGG); (10) *Frenkel v. The Reserve*, Case No. 08 Civ. 10006 (PGG); (11) *Albert Fried & Company, LLC v. The Reserve Fund*, Case No. 08 Civ. 10302 (PGG). On May 5, 2009, the SEC filed the SEC Action against certain of the Defendants.

14. On August 26, 2009, the Court ordered the class action cases consolidated, appointed Third Avenue as Lead Plaintiff and Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel ("Lead Counsel"). In its role as Court-appointed Lead Plaintiff, Third Avenue continued to investigate potential claims against Defendants and others. On January 5, 2010, Lead Plaintiff filed the consolidated class action complaint (the "Complaint"). During this time, Lead Plaintiff was also involved in the negotiation of certain issues relating to the numerous competing claims asserted against shareholder funds that had been withheld from distribution, including Defendants' claims for indemnification, expenses and management fees, as discussed in more detail herein.

15. On June 25, 2010, Defendants filed their motion to dismiss. On August 13, 2010, Lead Plaintiff filed its opposition to the motion to dismiss, and on September 3, 2010, Defendants filed their reply in further support of their motion to dismiss.

16. On September 30, 2012, the Court granted in part and denied in part Defendants' motion to dismiss the Complaint, noting that the reasons for the Court's ruling would be explained in a forthcoming written opinion.

17. On January 22, 2013, Defendants filed their answer to the Complaint, and also filed a Third Party Complaint against certain of the Independent Trustees.

18. Following extensive settlement negotiation efforts, including multiple mediation sessions before the Honorable Layn R. Phillips (Fmr.) (the "Mediator"), certain of the Settling Parties executed a confidential Final Settlement Term Sheet on February 27, 2013 to resolve claims amongst themselves pursuant to the terms and provisions of the Stipulation.

19. Based upon its prosecution of the litigation, Lead Counsel has concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate to Lead Plaintiff and the Class, and in their best interest, and has agreed to settle the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering: (i) the substantial benefits that Lead Plaintiff and the Members of the Class will receive from resolution of the Action as against the Defendants; (ii) the attendant risks of litigation; (iii) the

6

prior recovery of approximately 99.04% by Members of the Class; and (iv) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation.

20. On _____, the Court preliminarily approved the Settlement, authorized this Notice to be sent to record holders of shares of the Primary Fund during the Class Period and who held Primary Fund shares at least until 4:00 p.m. ET on September 15, 2008, or who purchased shares of the Primary Fund during the period between 4:00 p.m. ET on September 15, 2008 and September 17, 2008, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

21. If you are a Member of the Class, you are subject to the Settlement unless you timely request to be excluded. The Class consists of all Persons who (i) purchased or held shares of the Primary Fund during the period from September 28, 2006 through September 15, 2008 and held them as of 4:00 p.m. ET on September 15, 2008; or (ii) purchased shares of the Primary Fund during the period between 4:00 p.m. ET on September 15, 2008 and September 17, 2008. Excluded from the Class are: (a) Defendants; (b) members of the immediate families of Bruce Bent Sr., Bruce R. Bent II, and Arthur T. Bent III; (c) the subsidiaries and affiliates of Defendants; (d) any person or entity who is a partner, executive officer, director, trustee or controlling person of the Reserve Defendants, or the Primary Fund (including any of their subsidiaries or affiliates); (e) any entity in which any Defendant has a controlling interest; (f) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; and (g) the legal representatives, heirs, successors and assigns of any such excluded party.[5] The Class also does not include those persons and entities who validly request exclusion from the Class pursuant to this Notice (*see* "What If I Do Not Want To Participate In The Class And The Settlement? How Do I Exclude Myself?," below).

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. PAYMENT OF SETTLEMENT PROCEEDS WILL BE MADE THROUGH RECORD HOLDERS OF PRIMARY FUND SHARES. IF YOU ARE A CLASS MEMBER BUT NOT THE RECORD HOLDER, YOU SHOULD CONTACT THE RELEVANT RECORD HOLDER IMMEDIATELY.**

## WHAT ARE THE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

22. Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. Lead Plaintiff and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability. In addition, Lead Plaintiff and Lead Counsel recognize that if this litigation continued additional claims would be asserted against the shareholder funds that have not been distributed, including the amounts being withheld in the Expense Fund, and additional costs would be incurred that would likely be paid out of shareholder funds. Further, Lead Plaintiff and Lead Counsel have considered the additional delay that would be incurred in distributing amounts to shareholders if this litigation were to continue through trial and appeal, a process that could take several years. Lead Plaintiff and Lead Counsel have also considered the uncertain outcome of trial and appellate risk in complex lawsuits like this one, including the significant delays that would likely occur in distributing the remaining assets of the Primary Fund if this case were to continue through trial and appeals. Lead Counsel has also required as a condition of the Settlement that Defendants submit, by confidential submission to the Mediator, information sufficient to substantiate that they do not have

---

[5] Notwithstanding the foregoing, neither the Yield Plus Fund (YP) nor the Independent Trustees of the Primary Fund are excluded from the definition of the Class.

substantial personal assets with which to pay a judgment of the magnitude sought by the Class in this Action, and that the Mediator is satisfied with those submissions.

23.   In light of the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel, and the Independent Trustees of the Primary Fund believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit now, as compared to the risk that the claims would produce a similar, smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

24.   Defendants have denied, and continue to deny, each and all of the claims alleged by Lead Plaintiff in the Action. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiff or the Class have suffered any damage, or that Lead Plaintiff or the Class were harmed by the conduct alleged in the Action. Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

25.   The Independent Trustees have denied, and continue to deny, each and all of the claims alleged by Defendants in the Third Party Complaint. The Independent Trustees expressly deny all allegations of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Third Party Complaint. The Independent Trustees also deny, among other things, the allegations that Defendants have suffered any damage or were harmed in any way by the conduct alleged in the Third Party Complaint. The Independent Trustees have concluded that further litigation of the Third Party Complaint would be protracted, expensive, not in the best interests of the Primary Fund or its shareholders, and that it is therefore desirable that the Action, including the Third Party Complaint, be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

26.   If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of their claims, neither Lead Plaintiff nor the Class would recover anything from Defendants as a result of this lawsuit. Moreover, if Lead Plaintiff failed to establish the claims, Defendants would argue that they are entitled to reimbursement of their attorneys' fees and litigation expenses to be paid out of shareholder funds that are currently being withheld in the Expense Fund. Also, if Defendants were successful in proving any of their defenses or their claims in the Third Party Complaint, the Class might recover substantially less than the amount provided in the Settlement, or nothing at all. Moreover, in the absence of a Settlement, the claims asserted by Lead Plaintiff against Defendants, and by Defendants against the Independent Trustees, would continue to be litigated, which would result in additional expenses against the Primary Fund that would further deplete shareholder funds and further delay any distribution to shareholders.

## HOW MUCH WILL MY PAYMENT BE?

27.   The Plan of Allocation that Lead Plaintiff proposes for distribution to Class Members and other Primary Fund Shareholders is the pro rata distribution plan in the Court's November 25, 2009 Order in the SEC Action ("November 25, 2009 Order"), and all subsequent orders of the Court related to the pro rata distribution of the Expense Fund, with the addition that if the prorated payment to any record holder calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to the record holder for that Class Member or to the Class Member or other Primary Fund Shareholders. The monies that would have been made in distributions that calculate to less than $10.00 will instead be included in the distributions to those Class Members or Shareholders who would receive $10.00 or more, and the calculations will be re-run excluding those who would receive less than $10.00. For clarification, payments may be made through one or more distributions, and the $10.00 minimum will apply to each distribution.

28. The Settling Parties propose that upon final approval of the Settlement, the remaining assets of the Primary Fund, with the exception of the Cash Contribution, net of payments and hold-backs as set forth in the Stipulation, will be distributed to Primary Fund Shareholders, including Class Members, in a manner consistent with the Court's November 25, 2009 Order and related orders. The additional Cash Contribution to be paid by Defendants as set forth in the Stipulation is proposed to be distributed to Class Members only.

29. Lead Plaintiff further proposes that, consistent with the Court's November 25, 2009 Order and related orders, distribution to Class Members and other Primary Fund Shareholders will be made to Primary Fund record holders as of or after September 15, 2008, and such record holders may be instructed to distribute the amount to the Class Members or other Primary Fund Shareholders, consistent with the Court's November 25, 2009 Order and all related orders.

30. Unless otherwise ordered by the Court, Persons who are excluded from the Class by definition, or who would otherwise be Class Members but who submit valid exclusion requests, will not be eligible to participate in distribution of the Cash Contribution, but will otherwise be eligible to participate in the distribution in the remaining assets of the Primary Fund including the remaining amount of the Net Settlement Fund (less the amount of the Cash Contribution), as set forth in the Stipulation.

31. For efficiency purposes, the Claims Administrator may distribute both the Cash Contribution and the remaining assets of the Primary Fund, including the remaining amount of the Net Settlement Fund, through a single distribution process, or through multiple distributions, whichever the Claims Administrator, in its discretion, determines is most cost efficient. The Board of Trustees of the Primary Fund (the "Fund Board") has reported that, as of the end of April 2013, the Primary Fund had approximately $97 million in assets. With the addition of the $10 million Cash Contribution, there will be approximately $107 million in assets in the Primary Fund. If the Settlement is approved by the Court, the Reimbursement Payments, Future Defense Fund, Post Distribution Expense Amount, and any other fees and expenses approved by the Court will be paid out of the Primary Fund before distribution is made to Class Members and other Primary Fund Shareholders as set forth in paragraphs 10 and 11 of the Stipulation.

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

32. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims in the Complaint and the Third Party Complaint and will provide that, upon the Effective Date, Lead Plaintiff and all other Class Members shall be deemed to have fully and finally released the Class Members' Released Claims (as defined in paragraph 33 below), including Unknown Claims (as defined in paragraph 35 below) as against the Released Parties (as defined in paragraph 34 below).

33. "Released Claims" means any and all actions, causes of action, claims, damages, demands, duties, issues, judgments, liabilities, losses, matters, obligations, proceedings, and rights of every nature and description whatsoever, whether based on law or equity, on federal, state, local, statutory or common law or any other law, rule or regulation (whether foreign or domestic), including both known claims and Unknown Claims (as defined below), accrued claims and not accrued claims, foreseen claims and unforeseen claims, matured claims and not matured claims, suspected or unsuspected, fixed or contingent and whether or not concealed or hidden, that relate to, concern or in any way involve the Primary Fund, and that have been or could have been asserted through the Effective Date in the Action or in any forum of competent jurisdiction (including a state or federal court) by or on behalf of (a) the Lead Plaintiff or any other Member of the Class, (b) the Defendants, (c) the Primary Fund, or (d) the Independent Trustees. With respect to the releases being given by Defendants, Independent Trustees, and the Primary Fund, "Released Claims" also includes all claims related to any and all transactions up to the Effective Date between one or more Defendants, on one hand, and the Primary Fund (including its current officers, in their respective capacities as such), Crederian or the Independent Trustees, on the other hand.

9

34. "Released Parties" means: (a) the Defendants; (b) the Primary Fund; (c) the Independent Trustees; (d) the trustees, officers, employees, agents, attorneys, successors and assigns of each of the foregoing Released Parties, in their respective capacities as such; (e) Crederian, in its capacity as service provider of the Expense Fund; and (f) Eugene P. Grace, in his capacity as Chief Administrative Officer of Crederian in its capacity as service provider of the Expense Fund, and as an officer of the Primary Fund.

35. "Unknown Claims" means any and all Released Claims that the releasing party does not know or suspect to exist in his, her or its favor at the time of the release of the Released Claims, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Claims, or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Class. With respect to any and all Released Claims, the parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides::

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Settling Parties or Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Settling Parties shall expressly – and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have – fully, finally and forever settled and released any and all Released Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and Class Members by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

36. The Judgment also will provide that, as set forth in more detail in the Stipulation, upon the Effective Date: (a) Defendants will release current and future claims against the Expense Fund or other assets of the Primary Fund; (b) Defendants will release all Released Claims against Lead Plaintiff, Lead Counsel, any other Class Member, the Primary Fund (including its current officers, in their respective capacities as such), Crederian, and the Independent Trustees; (c) the Independent Trustees and the Primary Fund (including its current officers, in their respective capacities as such) will release all Released Claims against Lead Plaintiff, Lead Counsel, and any other Class Member, and Defendants; and (d) Defendants will release any and all claims that they have asserted or could potentially assert involving State Street Bank and Trust Company, its agents and affiliates and their respective officers, directors and employees, in their respective capacities as such, for which $2.5 million is currently held in the Expense Fund, but that will instead be included as part of the Settlement Fund.

> ### WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?
> ### HOW WILL THE LAWYERS BE PAID?

37. Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Class for more than 4.5 years, nor has Lead Counsel been reimbursed for its out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees to Lead Counsel from the Settlement Fund in an amount not to exceed $5 million.

At the same time, Lead Counsel also intends to apply for the reimbursement from the Settlement Fund of Litigation Expenses to Plaintiffs' Counsel (which may include the reasonable costs and expenses of Lead Plaintiff directly related to its representation of the Class), in an amount not to exceed $250,000. The Court will determine the amount of the award.

| HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO? |
|---|

38. If you (i) purchased or held shares of the Primary Fund during the period from September 28, 2006 through September 15, 2008 and held them as of 4:00 p.m. on September 15, 2008; or (ii) purchased shares during the period between 4:00 p.m. September 15, 2008 and September 17, 2008, and you are not excluded by the definition of the Class and you do not elect to exclude yourself from the Class, then you are a Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class.

39. This Notice, as well as any payments to Class Members made pursuant to the Settlement, will be made through the record holders of Primary Fund shares on or after September 15, 2008. **No claim form needs to be submitted.** If you are a Class Member, but not a record holder, you should contact the appropriate record holder immediately. Please retain all records of your ownership of, or transactions in the Primary Fund shares.

40. As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.

41. If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Class And The Settlement?  How Do I Exclude Myself?" below. If you exclude yourself from the Class, you will not be eligible to receive any distribution from the Cash Contribution but you will retain the right to be a part of any other lawsuit against any of the Released Parties (as defined in paragraph 34 above) with respect to any of the Released Claims (as defined in paragraph 33 above).

42. If you wish to object to the Settlement or any of its terms or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below. If you exclude yourself from the Class, you are not entitled to submit an objection.

| WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT?<br>HOW DO I EXCLUDE MYSELF? |
|---|

43. If you do not want to be a part of the Class and potentially share in the Cash Contribution obtained through the Settlement, you must submit a timely and valid request for exclusion as set forth in this paragraph. You should be informed that the Court has previously issued orders in the related SEC Action which govern the assets of the Primary Fund, beginning with the November 25, 2009 Order. The November 25, 2009 Order and subsequent related orders provide, among other things, that: (i) private actions against the Primary Fund or any of its Indemnitees (as defined in the November 25, 2009 Order), that seek an award that would be payable or subject to indemnification by the Primary Fund, are permanently enjoined; and (ii) any recovery from the Primary Fund must be distributed pro rata to shareholders. This is not a full or precise description of the November 25, 2009 Order and subsequent related orders, which should be reviewed in the event you are considering requesting exclusion from the Class. Each Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a

written request for exclusion from the Class, addressed to The Reserve Primary Fund Securities Class Action Litigation, c/o Crederian Fund Services LLC, 1400 N. Providence Road, Bldg 2, Suite 5035, Media, PA 19063. The exclusion request must be *received* no later than [21 days prior to Settlement Hearing]. Such request for exclusion shall clearly indicate that the sender requests to be excluded from the Class in *The Reserve Primary Fund Securities Class Action Litigation*, Civil Action No. 08 Civ. 8060 (PGG), and must be signed by such Person. Such Persons requesting exclusion are also directed to provide the following information: (i) name, (ii) address, (iii) telephone number, (iv) number of Primary Fund shares owned during the Class Period and, if purchased through a broker or nominee, the name of the broker or nominee, (v) number of Primary Fund shares held at least until 4:00 p.m. ET on September 15, 2008, (vi) number of Primary Fund shares held between 4:00 p.m. ET on September 15, 2008 and September 17, 2008, (vii) the amount previously received in distributions pursuant to the Court's November 25, 2009 Order and subsequent orders of the Court, and (viii) a statement that the person or entity wishes to be excluded from the Class. Unless otherwise ordered by the Court, any Class Member who does not submit a timely written request for exclusion as provided by this section shall be bound by the Settlement. Requests for exclusion will not be valid if they do not include the information set forth above and they are not received within the time stated above, unless the Court otherwise determines.

44. If a person or entity requests to be excluded from the Class, that person or entity will not receive any payment from distribution of the Cash Contribution provided for in the Stipulation.

> WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
> DO I HAVE TO COME TO THE HEARING?
> MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

45. If you do not wish to object in person to the proposed Settlement and/or the application for attorneys' fees and reimbursement of Litigation Expenses, you do not need to attend the Settlement Hearing. You can object to or participate in the Settlement without attending the Settlement Hearing.

46. The Settlement Hearing will be held on _____, at _:__ _.m., before the Honorable Paul G. Gardephe, at the United States District Court for the Southern District of New York, 40 Foley Square, Courtroom 705, New York, New York 10007. The Court reserves the right to approve the Settlement at or after the Settlement Hearing without further notice to Members of the Class.

47. Any Class Member who does not submit a request for exclusion that is *received* no later than _____ may object to the Settlement or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses. Objections or oppositions must be in writing. You must file any written objection or opposition, together with copies of all other supporting papers and briefs, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before [21 days before Settlement Hearing]. You must also serve the papers on Lead Counsel for the Class and counsel for the Defendants and the Independent Trustees at the addresses set forth below so that the papers are *received* on or before [21 days before Settlement Hearing].

| **Clerk's Office** | **Lead Counsel for the Class** | **Counsel For Defendants** |
| --- | --- | --- |
| UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK 40 Foley Square New York, NY 10007 | BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP John C. Browne, Esq. Niki L. Mendoza, Esq. 1285 Avenue of the Americas, 38th Floor New York, NY 10019 | MORGAN, LEWIS & BOCKIUS LLP John Dellaportas, Esq. 101 Park Avenue New York, NY 10178 **and** |

DUANE MORRIS LLP
Fran Jacobs, Esq.
1540 Broadway
New York, NY 10168

**Counsel For Independent Trustees**

GOODWIN PROCTER LLP
Mark Holland, Esq.
620 Eighth Avenue
New York, NY 10018

48.  Any objection must set forth the basis for the objection and include:  (i) name, (ii) address, (iii) telephone number, (iv) number of Primary Fund shares owned during the Class Period, (v) number of Primary Fund shares owned on or after 4pm ET on September 15, 2008, and documentation demonstrating the number of Primary Fund shares owned on or after 4:00 p.m. ET on September 15, 2008, including brokerage confirmation receipts or other competent documentary evidence, (vi) number of Primary Fund shares held between 4:00 p.m. ET on September 15, 2008 and September 17, 2008, (vii) a written statement of all grounds for the objection accompanied by any legal support for the objection, (viii) copies of any papers, briefs or other documents upon which the objection is based, (ix) a list of all persons who will be called to testify in support of the objection, (x) a statement of whether the objector intends to appear at the Settlement Hearing, (xi) a list of other cases in which the objector or the objector's counsel has appeared either as a settlement objector or as counsel for objectors in the preceding five years, and (xii) the objector's signature, even if represented by counsel.  Persons who intend to object to the Settlement and/or to Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they intend to call to testify, and exhibits they intend to introduce into evidence at the Settlement Hearing.

49.  Any Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, or the attorneys' fees and reimbursement of Litigation Expenses requested.

50.  You may not object to the Settlement or any aspect of it, if you excluded yourself from the Class.

51.  You may file a written objection without having to appear at the Settlement Hearing.  You may not appear at the Settlement Hearing to present your objection, however, unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

52.  You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before [21 days before Settlement Hearing].

53.  The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses. Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

54. If you purchased or otherwise acquired the shares described above for the beneficial interest of a person or organization other than yourself, you must either (i) send a copy of this Notice to the beneficial owner of such shares, postmarked no later than seven (7) days after you receive this Notice, or (ii) provide to the Reserve Primary Fund Securities Class Action Litigation, c/o Crederian Fund Services LLC, 1400 N. Providence Road, Bldg 2, Suite 5035, Media, PA 19063, the names and addresses of such persons no later than seven (7) days after you receive this Notice. If you choose the second option, Crederian will send a copy of the Notice to the beneficial owner. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing Crederian with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice may also be obtained by calling toll-free (800) 691-7562, and may be downloaded from Lead Counsel's website, www.blbglaw.com. Lead Plaintiff proposes that notice of the proposed Settlement and distribution of the remaining assets of the Primary Fund, including the Net Settlement Fund, be made through record holders as of or after 4:00 pm ET on September 15, 2008, consistent with the Court's prior orders. Thus, if you purchased or otherwise acquired the shares for the beneficial interest of a person or organization other than yourself, you may be required to distribute monies to the beneficial owners.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

55. This Notice contains only a summary of the terms of the proposed Settlement. A copy of this Notice is also available at http://www.primary-yieldplus-inliquidation.com. Copies of other documents, including copies of the Stipulation, and the Complaint, are available on Lead Counsel's website at www.blbglaw.com. All inquiries concerning this Notice should be directed to:

The Reserve Primary Fund Securities Class Action Litigation
% CREDERIAN FUND SERVICES LLC
1400 N. Providence Road
Bldg 2, Suite 5035
Media, PA 19063
(800) 691-7562

**Claims Administrator**

**OR**

John C. Browne, Esq.
BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
1285 Avenue of the Americas, 38th Floor
New York, New York 10019
(866) 648-2524
blbg@blbglaw.com

**Lead Counsel**

14

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____ __, 2013                    By Order of the Clerk of Court
                                               United States District Court
                                               for the Southern District of New York

# EXHIBIT A-2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE THE RESERVE PRIMARY FUND SECURITIES & DERIVATIVE CLASS ACTION LITIGATION | No. 08-cv-8060-PGG (Class Action) |

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, FINAL APPROVAL HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

TO:   ALL PERSONS OR ENTITIES WHO PURCHASED OR HELD SHARES OF THE PRIMARY FUND DURING THE PERIOD FROM SEPTEMBER 28, 2006 TO SEPTEMBER 17, 2008.

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

        YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, (a) of the pendency of this action asserting claims against Reserve Management Company, Inc., Resrv Partners, Inc., Reserve Management Corporation, Bruce Bent Sr., Bruce R. Bent II, and Arthur T. Bent III (the "Individual Defendants," collectively, the "Defendants"); and the Independent Trustees of the Primary Fund ("Independent Trustees") (the "Action") as a class action on behalf of the persons and entities who (i) purchased or held shares of the Primary Fund during the period from September 28, 2006 to September 15, 2008 and held them as of 4:00 p.m. ET on September 15, 2008; or (ii) purchased shares of the Primary Fund during the period between 4:00 p.m. ET on September 15, 2008 and September 17, 2008 (the "Class"), except for certain persons and entities who are excluded from the Class by definition; and (b) that a settlement of the Action that has the net effect of at least a $54.5 million benefit to Members of the Class and other Primary Fund Shareholders has been proposed.  A hearing will be held on _____, at _:___ _.m., before the Honorable Paul G. Gardephe, at the United States District Court for the Southern District of New York, 40 Foley Square, Courtroom 705, New York, New York 10007:  (A) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court; (B) to determine whether the Order and Final Judgment as provided for under the Stipulation should be entered, dismissing the Action, on the merits and with prejudice, and to determine whether the releases proposed by the Parties, as set forth in the Stipulation, should be ordered; (C) to determine whether the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses incurred should be approved; and (D) to rule upon such other matters as the Court may deem appropriate.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED BY THE PENDING ACTION AND THE SETTLEMENT, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND.  If you have not yet received the full printed Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), you may obtain copies of these documents by contacting the Claims Administrator:

The Reserve Primary Fund Securities Class Action Litigation
℅ Crederian Fund Services LLC
1400 N. Providence Road
Bldg 2, Suite 5035
Media, PA 19063
(800) 691-7562

A copy of the Notice is available at http://www.primary-yieldplus-inliquidation.com.  Copies of other documents, including copies of the Stipulation, and the Complaint, are available on Lead Counsel's website at www.blbglaw.com.

If you are a Member of the Class, you may be potentially eligible to receive a distribution from this settlement. If you are a Class Member but purchased your shares indirectly (e.g., through a broker or nominee), you should contact that broker or nominee immediately, as the Court may order that any distribution be made through the record holders only, consistent with its prior orders.  If you are a Member of the Class, you are subject to the Settlement unless you timely request to be excluded.  To exclude yourself from the Class, you must submit a request for exclusion such that it is *received* no later than [21 days prior to Settlement Hearing], in accordance with the instructions set forth in the Notice.  Any objections to the proposed Settlement, Plan of Allocation and/or Lead Counsel's application for attorneys' fees and reimbursement of litigation expenses must be filed with the Court and delivered to counsel such that they are *received* no later than [21 days prior to Settlement Hearing], in accordance with the instructions set forth in the Notice.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.  Inquiries may be made to Lead Counsel:

John Browne, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas, 38th Floor
New York, NY 10019
(866) 648-2524

By Order of the Court

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE THE RESERVE PRIMARY FUND SECURITIES & DERIVATIVE CLASS ACTION LITIGATION | No. 08-cv-8060-PGG (Class Action) |

## ORDER AND FINAL JUDGMENT

This matter came for hearing on _____ (the "Settlement Hearing"), on the application of Lead Plaintiff to determine whether the terms and conditions of the Stipulation and Agreement of Settlement Dated August 14, 2013 (the "Stipulation" or the "Settlement") are fair, reasonable, and adequate, and should be approved.

The Court having considered all matters submitted to it at the Settlement Hearing and otherwise;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     This Order and Final Judgment hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation.

2.     This Court has jurisdiction to enter this Order and Final Judgment.  The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.     This Court has jurisdiction over the Expense Fund, as established in paragraph 5 of the Court's November 25, 2009 Order (ECF No. 201 in the SEC Action), and subject to the Court's subsequent orders relating to the Expense Fund.

4.     Notice of the pendency of the Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort.  The

form and method of notifying the Class of the pendency of the action as a class action and of the

terms and conditions of the proposed Settlement met the requirements of due process, Rule 23 of

the Federal Rules of Civil Procedure, and Section 27 of the Securities Act of 1933, 15 U.S.C.

§77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and

constituted the best notice practicable under the circumstances, and constituted due and sufficient

notice to all persons and entities entitled thereto.

5.    Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil

Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed

to all Persons who are Class Members, advising them of the Settlement, and of their right to

object thereto, and a full and fair opportunity was accorded to all Persons who are Class

Members to be heard with respect to the Settlement.  Thus, it is hereby determined that all Class

Members, other than those Persons that are listed on Exhibit 1 hereto, are bound by this Order

and Final Judgment.

6.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all

respects, fair, reasonable, and adequate, and in the best interests of the Class Members.  This

Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length

negotiations between experienced counsel representing the interests of the Settling Parties.

Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and

shall be consummated in accordance with the terms and provisions of the Stipulation.

7.    The Court finds and concludes that the Settling Parties and their respective

counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of

Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

8.      The Complaint and Third Party Complaint are hereby dismissed on the merits with prejudice and without costs except for the payments expressly provided for in the Stipulation.

9.      Upon the Effective Date, Lead Plaintiff and Members of the Class shall fully and finally release any and all of the Class Members' Released Claims as against the Released Parties.

10.     Upon the Effective Date, except as set forth in the Stipulation, Defendants shall fully and finally release any and all current claims and future claims against the Expense Fund or other assets of the Primary Fund, except that nothing in the Stipulation shall limit Defendants' rights to participate in Shareholder distributions of the remaining assets of the Primary Fund other than distribution of the Cash Contribution, as Shareholders of the Primary Fund, in accordance with the Court's pro rata distribution plan in the Court's November 25, 2009 Order in the SEC Action, and all subsequent orders of the Court related to the pro rata distribution of the Primary Fund.

11.     Upon the Effective Date, Defendants shall fully and finally release any and all Released Claims against Lead Plaintiff, Lead Counsel, any other Class Member, the Primary Fund (including its current officers, in their capacities as such), Crederian, and the Independent Trustees.

12.     Upon the Effective Date, the Independent Trustees and the Primary Fund (including its current officers, in their capacities as such) shall fully and finally release any and

all Released Claims against Lead Plaintiff, Lead Counsel, any other Class Member, and Defendants.

13.    Upon the Effective Date, Defendants shall fully and finally release any and all claims that they have asserted or could potentially assert involving State Street Bank and Trust Company, its agents and affiliates and their respective officers, directors and employees, in their respective capacities as such, for which $2.5 million is currently held in the Expense Fund, but that will instead be included as part of the Settlement Fund as described in paragraph 9c. of the Stipulation.

14.    The fact and terms of the Stipulation, including exhibits thereto, this Order and Final Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a)    shall not be offered or received as evidence of, or be deemed to be evidence of, any presumption, concession or admission with respect to the truth of any fact alleged by any Settling Party or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action (including the Complaint and the Third Party Complaint) or in any other litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault or wrongdoing;

(b)    shall not be offered or received as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document, or as evidence of any infirmity in any claims asserted in the Complaint or the Third Party Complaint;

(c)    shall not be offered or received as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way

4

referred to for any other reason as against any of the Settling Parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Settlement is approved by the Court, any Person may refer to it to effectuate the liability protection granted them hereunder;

        (d)   shall not be construed as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

        (e)   shall not be construed as or received in evidence as an admission, concession or presumption that any of the claims in the Complaint or Third Party Complaint are without merit or that damages recoverable under the Complaint or Third Party Complaint would not have exceeded the amounts set forth herein.

15.    The Court reserves jurisdiction, without affecting in any way the finality of this Order and Final Judgment, (a) over implementation and enforcement of the Settlement; (b) disposition of the remaining assets of the Primary Fund and the Settlement Fund; (c) hearing and determining Lead Counsel's application for attorneys' fees, costs, interest and expenses; (d) enforcing and administering this Order and Final Judgment; (e) enforcing and administering the Stipulation including any releases executed in connection therewith; and (f) other matters related or ancillary to the foregoing.

16.    A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses as allowed by the Court. Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

17.    In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or referred to in any action or proceedings by any Person; the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action as of February 27, 2013; and paragraph 38 of the Stipulation shall govern.

18.    The Court hereby finds and concludes that the Plan of Allocation proposed by Lead Plaintiff for distribution to Class Members and other Primary Fund Shareholders, which is the distribution plan in the Court's November 25, 2009 Order in the SEC Action (the "November 25, 2009 Order") and related orders, with the addition of a $10.00 minimum distribution as set forth in the Notice, is, in all respects, fair and equitable to the Class. Accordingly, the Court approves the Plan of Allocation proposed by Lead Plaintiff.

19.    The Court approves of the Settlement in its entirety, including but not limited to the provision in the Stipulation (paragraphs 10 and 11) requiring that the Cash Contribution be distributed to Class Members only; and that the remaining assets of the Primary Fund will be distributed to Primary Fund Shareholders, including Class Members, consistent with this Court's November 25, 2009 Order, and all subsequent orders of the Court related to the pro rata distribution of the Primary Fund, subject to the $10.00 minimum distribution, as will be set forth in a Final Distribution Order.

20.    As set forth in this Court's Order entered November 18, 2010 (ECF No. 348) in the SEC Action, Reserve Management Company, Inc. and Resrv Partners shall be responsible for the retention of records prior to November 23, 2010 to the extent and for the time periods

required by law, and they shall be compensated for their reasonable costs and expenses in doing so, such compensation not to exceed $72,000.

21.     Without further Order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated:      New York, New York
            _____, 2013


                                    _____
                                    HONORABLE PAUL G. GARDEPHE
                                    UNITED STATES DISTRICT JUDGE

7

## Exhibit 1

**Persons and Entities Excluded from the Class
Pursuant to Requests for Exclusion**