UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE THE RESERVE PRIMARY FUND SECURITIES & DERIVATIVE CLASS ACTION LITIGATION | No. 08-cv-8060-PGG (Class Action) |

**DECLARATION OF JOHN C. BROWNE IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR (I) PRELIMINARY APPROVAL OF SETTLEMENT, (II) CERTIFICATION OF THE CLASS FOR PURPOSES OF SETTLEMENT, AND (III) APPROVAL OF NOTICE TO THE CLASS**

I, JOHN C. BROWNE, hereby declare as follows:

1.     I am a member of the bar of this Court and an attorney at Bernstein Litowitz Berger & Grossmann LLP.

2.     I respectfully submit this Declaration in support of Lead Plaintiff's Motion for (i) Preliminary Approval of Settlement, (ii) Certification of the Class for Purposes of Settlement, and (iii) Approval of Notice to the Class, and to place true and correct copies of the following documents before the Court:

| Exhibit No. | Description |
|---|---|
| 1. | Letter from John C. Browne, Esq. to Hon. Paul G. Gardephe re clarification to [Proposed] Order Granting Plaintiff's Application for Injunctive and Other Relief, dated October 5, 2009 |
| 2. | Letter from John C. Browne, Esq. to Hon. Paul G. Gardephe re Discovery and Case-Management Proposal, dated June 17, 2010 |
| 3. | Letter from John C. Browne, Esq. to Hon. Paul G. Gardephe re Request for In-Person Conference with Defendants, dated April 6, 2012 |

| Exhibit No. | Description |
| --- | --- |
| 4. | Letter from John C. Browne, Esq. to Hon. Paul G. Gardephe Responding to Defendants' April 11, 2012 letter re Court ordering a settlement conference, dated April 12, 2012 |

Executed this 6th day of September, 2013.

*/s/ John C. Browne*
John C. Browne

# EXHIBIT 1

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

## ATTORNEYS AT LAW

### NEW YORK • CALIFORNIA • LOUISIANA

JOHN C. BROWNE
johnb@blbglaw.com
212-554-1398

October 5, 2009

**By Hand**

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 920
New York, NY 10007-1312

> Re:  *SEC v. Reserve Management Company, Inc., et al;*
> No. 09 Civ. 4346 (PGG)

Dear Judge Gardephe:

We represent the Lead Plaintiff in *In re The Reserve Primary Fund Securities and Derivative Class Action Litigation*, 08-cv-08060 (PGG) (the "Class Action"), and write to suggest a small clarification to the [Proposed] Order Granting Plaintiff's Application for Injunctive and Other Relief, which the Commission submitted to the Court on October 1, 2009.

Paragraph 3(f) of the Proposed Order, relating to the "Claw Back Claims," states:

> In connection with the duties of investigation set forth in Paragraphs 3(b) and (d) above, and within 90 days of his appointment, the <u>Monitor shall have sole discretion to determine which claims</u>, if any, [he] should recommend to the Court be pursued in the best interests of all Unpaid Shareholders, and if [he] determines that pursuit of such claims is appropriate, he shall so recommend . . . that [he] be appointed as receiver for the limited purpose of pursuing such claims (the "Claw Back Claims") on a contingency basis.

(Emphasis added.) We do not read the language quoted above as being intended by the Commission to limit in any way Lead Plaintiff's ability to assert claims for damages in the Class Action against any current or potential Defendants (such as the Reserve entities and advisors) for



BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hon. Paul G. Gardephe
October 5, 2009
Page 2

damages that Unpaid Shareholders may have suffered as a result of the payouts and transfers referenced in Paragraphs 3(b) and 3(d) of the Proposed Order. Rather, we understand the language is intended to grant the Monitor sole authority to pursue "Claw Back Claims" against Shareholders who may have received payouts from the Primary Fund or had their monies transferred between Defendants' various funds.

Nonetheless, the language of Paragraph 3(f) is perhaps somewhat broadly drafted, and could be clarified by adding the following emphasized language:

> In connection with the duties of investigation set forth in Paragraphs 3(b) and (d) above, and within 90 days of his appointment, the Monitor shall have sole discretion to determine which claims, if any, *against shareholders who received improper payouts from the Primary Fund after 8:00 a.m. on September 15, 2008 or had their funds improperly transferred to other Funds advised by Defendant Reserve Management Company, Inc.,* [he] should recommend to the Court be pursued in the best interests of all Unpaid Shareholders, and if [he] determines that pursuit of such claims is appropriate, he shall so recommend . . . that [he] be appointed as receiver for the limited purpose of pursuing such claims (the "Claw Back Claims") on a contingency basis.

This clarification would remove any ambiguity about the Monitor's authority relating to potential Claw Back Claims.

Respectfully submitted,

*John C. Browne* /so

John C. Browne

cc:     (via e-mail or Federal Express)

Nancy A. Brown
U.S. Securities and Exchange Commission
Three World Financial Center, Suite 400
New York, NY 10281

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hon. Paul G. Gardephe
October 5, 2009
Page 3

   Lori A. Martin, Esq.
   (Counsel for Defendants)

   John Dellaportas, Esq.
   (Counsel for Defendants)

   Tariq Mundiya, Esq.
   (Counsel for Relief Defendant The Reserve Primary Fund)

   David G. Trachtenberg, Esq.
   (Counsel for Relief Defendant The Reserve Primary Fund)

   Mark Holland, Esq.
   (Counsel for the Independent Trustees of Relief Defendant)

   Peter Bray, Esq.
   (Counsel for Union Center National Bank)

   Mr. Kevin Cullane

   Mr. George Swift III

   Mr. Arthur J. Levy

   Gary Alan DeWaal, Esq.
   (Senior Managing Director and Group General Counsel, Newedge USA, LLC)

   Robert J. Malionek, Esq.
   (Counsel for Autodesk, Inc.)

   Mr. Raymond J. Norton
   (President, Norton Capital Management, Inc.)

   Anthony W. Djinis, Esq.
   (Counsel for David Lerner Associates, Inc.)

   William K. Dodds, Esq.
   (Counsel for Russell Investment Co., et al.)

   Henry Klehm III, Esq.
   (Counsel for Financial Guaranty Ins. Co., et al.)

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hon. Paul G. Gardephe
October 5, 2009
Page 4

Katherine Adkins, Esq.
(Vice President and General Counsel, Toyota Motor Credit Corp.)

David K. Markarian, Esq.
(Litigation Counsel for FPL Group Capital, Inc.)

Vincent E. Gentile, Esq.
(Counsel for Fremont Group, LLC, et al.)

Michael Arthur Walsh, Esq.
(Counsel for Safeco Insurance Co. of America)

Harvey J. Wolkoff, Esq.
(Counsel for Ameriprise Financial Inc. and Securities America, Inc.)

Michael G. Grable, Esq.
(Vice President and General Counsel, ERCOT)

C. Thomas Harvie, Esq.
(Senior Vice President, General Counsel and Secretary, The Goodyear Tire & Rubber Co.)

Joseph W. Bauer, Esq.
(Vice President and General Counsel, The Lubrizol Corporation)

Mr. Paul A. Jacobson
(Senior Vice President, Finance, and Treasurer, Delta Air Lines, Inc.)

Roderick A. Palmore, Esq.
(Executive Vice President, General Counsel, Chief Compliance and Risk Management Officer, and Secretary, General Mills, Inc.)

Mr. Michael C. Mroz
(Treasurer, BP Corporation North America, Inc.)

Frederick J. Baumann, Esq.
(Counsel for Colorado Surplus Asset Fund Trust)

Harry Frischer, Esq.
(Counsel for BNP Paribas Securities Corporation and BNP Paribas Commodities Futures, Inc.)

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hon. Paul G. Gardephe
October 5, 2009
Page 5

Marshall R. King, Esq.
(Counsel for Wal-Mart Stores, Inc.)

Stephen D. Susman, Esq.
(Counsel for Univision Communications, Inc.)

Michael S. Shuster, Esq.
(Counsel for Visa U.S.A., Inc.)

Gary S. Graifman, Esq.
(Counsel for Proposed Lead Plaintiff Leon Frankel)

Anthony L. Ryan, Esq.
(Counsel for the International Business Machines Group, Lazard Freres & Co. LLC, Lazard Group LLC, Qualcomm Inc., FLO TV Inc., Time Warner Inc. and Time Warner Cable, Inc. (Unpaid Timely Redeemer Group))

Richard C. Pepperman, II, Esq.
(Counsel for Stable Investment Corporation (Unpaid Timely Redeemer Group))

Frances S. Cohen, Esq.
(Counsel for Nissan North America, Inc. (Unpaid Timely Redeemer Group))

Laura J. Edelstein, Esq.
(Counsel for PG&E Corporation (Unpaid Timely Redeemer Group))

Eric Rieder, Esq.
(Counsel for Alticor Inc. (Unpaid Timely Redeemer Group))

Jason A. D'Angelo, Esq.
(Counsel for Atlas Air Worldwide Holdings, Inc. (Unpaid Timely Redeemer Group))

Amy Ward Pershkow, Esq.
(Counsel for KeyBank National Association (Unpaid Timely Redeemer Group))

Matthew J. Herrington, Esq.
(Counsel for Clark Enterprises, Inc. and The Clark Money Fund Limited Partnership (Unpaid Timely Redeemer Group))

Dane A. Drobny, Esq.

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hon. Paul G. Gardephe
October 5, 2009
Page 6

> (Counsel for Sears Roebuck Acceptance Corp. and Kmart Corporation (Unpaid
> Timely Redeemer Group))
>
> Anthony L. Paccione, Esq.
> (Counsel for Deutsche Bank Securities Inc.)
>
> Caryn G. Schechtman, Esq.
> (Counsel for E*TRADE Financial Corporation, et al. and J.M. Huber Corp.)
>
> David J. Berger, Esq.
> (Counsel for TD Ameritrade Holding Corporation, et al.)
>
> Daniel C. Girard, Esq.
> (Counsel for Proposed Lead Plaintiffs, the "Dyer Group")
>
> Sarah R. Wolff, Esq.
> (Counsel for Mount Vernon Securities Lending Trust, et al.)
>
> Lewis J. Liman, Esq.
> (Counsel for Banc of America Securities LLC)
>
> Ralph Shalom, Esq.
> (Managing Attorney, First Data Corporation and Integrated Payment Systems, Inc.)
>
> Daniel B. Goldman, Esq.
> (Counsel for VeriSign, Inc.)
>
> Sean T. Carnathan, Esq.
> (Counsel for State Street Bank and Trust Company)
>
> Michael D. Trager, Esq.
> (Counsel for Henry Ford Health Systems, et al.)
>
> Joseph Serino, Jr., Esq.
> (Counsel for Cellco Partnership, et al.)
> (Trustees of Relief Defendant The Reserve Primary Fund)
>
> Rex A. Staples, Esq.
> (General Counsel, NASAA)
>
> Fred J. Joseph

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hon. Paul G. Gardephe
October 5, 2009
Page 7

    (Securities Commissioner Colorado Division of Securities)

    Bryan Lantagne, Esq.
    (Director Office of the Secretary of the Commonwealth of Massachusetts, Securities Division)

# EXHIBIT 2

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

### ATTORNEYS AT LAW

#### NEW YORK • CALIFORNIA • LOUISIANA

JOHN C. BROWNE
johnb@blbglaw.com
212-554-1398

June 17, 2010

**Via Facsimile**

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 920
New York, NY 10007-1312

> Re:    *Securities and Exchange Commission v. Reserve Management Company, Inc., et al.,* 1:09-cv-04346 (PGG) (the "SEC Action")

Dear Judge Gardephe:

We represent Lead Plaintiff Third Avenue Institutional International Value Fund L.P. ("Lead Plaintiff") in *In re The Reserve Fund Securities and Derivative Litigation,* 09-MDL 2011 (PGG), 08-cv-08060 (PGG) (the "Class Action"). We write in response to the June 16, 2010 letter to Your Honor from the defendants in the SEC Action ("Defendants' June 16 Letter") (attached as Exhibit A).

While we have not been privy to the joint case management letter submitted to Your Honor by the defendants and the SEC, we gather from Defendants' June 16 Letter that there are a number of disputes between those parties. It appears that one dispute concerns whether discovery in the SEC Action and Class Action should be coordinated. Defendants contend that it would be efficient to coordinate discovery between the two actions. They propose a discovery schedule in the SEC Action that would allow Lead Plaintiff to participate in depositions but would delay the start of depositions in the SEC Action until after the Court decides the motion to dismiss the Class Action. We understand that the SEC takes the position that the Class Action should not participate in discovery in the SEC Action.

We propose a compromise. As an initial matter, we agree with defendants that some coordination of discovery between the SEC Action and the Class Action could result in savings of defense costs and, potentially, investor resources. But we are also sensitive to the SEC's apparent concern that its case not become sidetracked or delayed by issues relating only to the Class Action. To accommodate the concerns of both parties, we propose the following:

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hon. Paul G. Gardephe
June 17, 2010
Page 2

- The Court sets a discovery schedule in the SEC Action based solely upon consideration of factors relevant to *that* action (*i.e.,* number of depositions the SEC and defendants seek, amount and timing of expert discovery, etc). Thus, the discovery schedule in the SEC Action would *not* be tied to a resolution of the motions to dismiss the Class Action, or any other issue unique to the Class Action.

- Lead Plaintiff will be provided with copies of all documents already produced in the SEC Action and copies of all documents that are produced going forward in that action.[1]

- The SEC and defendants will coordinate among themselves to choose which witnesses will be deposed in the SEC Action. Lead Plaintiff will have no input into the selection of which witnesses are deposed in that action.

- Lead Plaintiff will be given advance notice of each deposition to be taken in the SEC Action and permitted to cross-examine those witnesses for a maximum of two (2) hours. These will be additional hours and will not subtract from the SEC's deposition time.

Lead Plaintiff's compromise proposal would not delay discovery or trial in the SEC Action. Nor would it have any impact over the manner in which the SEC chooses to prosecute its case or how defendants choose to defend themselves. It would merely allow Lead Plaintiff to participate, in a narrowly-tailored fashion, in the discovery that *in any event* will be taking place in the SEC Action.

This approach will benefit defendants and the Class by streamlining discovery and conserving resources. In particular, it will minimize duplicative discovery requests and

---

[1] We note that Defendants' June 16 Letter does not make any provision for providing documents to Lead Plaintiff. Obviously, Lead Plaintiff needs documents before it can conduct meaningful depositions. While defendants have already recognized the wisdom of allowing Lead Plaintiff to participate in discovery in the SEC Action, to the extent any party now claims that the discovery stay set forth in the Private Securities Litigation Reform Act of 1995 bars Lead Plaintiff from participating prior to the resolution of the motion to dismiss, there is ample precedent for lifting the stay in circumstances similar to those here. *See, e.g., In re WorldCom, Inc. Sec. Litig.,* 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002) (noting prejudice to securities plaintiffs as a result of PSLRA stay and ordering production of materials produced and likely to be produced to the SEC and others in related proceedings); *In re Delphi Corp. Sec., Deriv. & "Erisa" Litig.,* No. 05-MD-1725 (GER), 2007 WL 518626, at *8 (E.D. Mich. Feb. 15, 2007) ("[M]aintaining the discovery stay as to materials already provided to the federal authorities and to the Unsecured Creditors Committee [in bankruptcy] does not further the policies behind the PLSRA"); *In re Bank of America Corp. Sec. Litig.,* No. 09 MDL 2058 (DC), 2009 WL 4796169, at *3 (S.D.N.Y. Nov. 16, 2009) (lifting stay as to materials produced during the course of parallel litigation since the "burden of making another copy for plaintiffs here will be slight").

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hon. Paul G. Gardephe
June 17, 2010
Page 3

depositions regarding the events of September 15-16, 2008, which will be heavily litigated in the
SEC Action. During a subsequent discovery period for the Class Action, of course, Lead
Plaintiff may be required to seek additional documents or re-depose a small number of witnesses
(particularly since the Class Action asserts claims not present in the SEC Action). But the
proposal set forth above will greatly narrow the issues and minimize the number of depositions
required in the Class Action.

Respectfully submitted,

John C. Browne

cc (via email):

Stephen A. Best, Esq. (counsel to defendants)
Michael Birnbaum, Esq. (counsel to the SEC)
Tariq Mundiya, Esq.

# EXHIBIT A

Dewey & LeBoeuf LLP
1101 New York Avenue, NW
Washington, DC 20005

# DEWEY & LEBOEUF

tel  +1 202 346 8000
fax  +1 202 346 8102

June 16, 2010

Honorable Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *SEC v. Reserve Management Company, Inc., et al.*, No. 09 Civ. 4346 (PGG)

Dear Judge Gardephe:

On behalf of Defendants in the above-captioned matter, we write regarding the joint letter that Defendants and the Securities and Exchange Commission (the "SEC" or "Commission") just submitted to Your Honor regarding the parties' respective discovery and case management proposals (the "Joint Letter").

*First*, moments ago, at the same time the SEC e-mailed the Joint Letter to Your Honor's chambers, the SEC simultaneously sent Your Honor a detailed letter brief, replete with case law cites, attacking Defendants' proposed discovery schedule. We did not understand Your Honor to have requested that any of the parties make such a submission. Rather, at the June 9, 2010 conference, Defendants understood Your Honor to have simply asked that the parties submit a "joint letter" presenting an agreed-upon discovery plan, or, if the parties could not reach agreement, that the parties should still submit a "joint letter" simply setting forth the parties' respective "opposing suggestions" regarding the scope and timing of discovery. We would note, in addition, that pursuant to the Court's directive, we conferred with the SEC regarding discovery in an effort to reach agreement, and the SEC chose not to raise with us many of the specific objections it now raises for the first time in its seemingly unsolicited submission to the Court. We would request direction from Your Honor as to how we should proceed, and, in particular, whether Your Honor would like us to submit a letter brief in response to the SEC's.

*Second*, in the Joint Submission, Defendants requested that the Court consider, *inter alia*, an alternate discovery plan that would involve coordinating in some measure discovery in the SEC case with discovery in *In re The Reserve Primary Fund Securities & Derivative Class*

NEW YORK | LONDON MULTINATIONAL PARTNERSHIP | WASHINGTON, DC
ALBANY | ALMATY | BEIJING | BOSTON | BRUSSELS | CHICAGO | DOHA | DUBAI
FRANKFURT | HONG KONG | HOUSTON | JOHANNESBURG (PTY.) LTD. | LOS ANGELES | MADRID | MILAN | MOSCOW
PARIS MULTINATIONAL PARTNERSHIP | RIYADH AFFILIATED OFFICE | ROME | SAN FRANCISCO | SILICON VALLEY | WARSAW

Honorable Paul G. Gardephe
June 16, 2010
Page 2

*Action Litigation,* No. 08-cv-8060 (PGG) (the "class action"). Defendants believe that such a plan could result in substantial savings in defense costs and preservation of investor resources. As Defendants advised the Court in the Joint Submission, the Commission requested that Defendants submit their views to Your Honor on this alternative proposal *in a separate letter,* rather than in the Joint Submission itself. Accordingly, Defendants are submitting this letter to Your Honor to explain their views on their alternative discovery proposal.

Defendants believe that their forthcoming motion to dismiss the class action complaint (which will be based on arguments not applicable to the SEC's claims and, therefore, were not presented to Your Honor in connection with the motion to dismiss the SEC's complaint) should result in the dismissal of all of the claims asserted in the class action. Even assuming Your Honor denies the motion to dismiss in part or in whole, however, Defendants believe that it would unnecessarily increase defense costs for Defendants to then engage in discovery in the class action that is wholly separate from discovery relating to the SEC's claims. Defendants therefore respectfully propose that Your Honor consider that, to the extent that any class claims remain after the motion to dismiss in the class action has been fully briefed and ruled upon, it would seem to make sense to coordinate in some measure the depositions in the SEC case with depositions in the class action, with class counsel permitted to participate in the depositions in the SEC case to the extent those depositions involve issues in common with the remaining claims (if any) in the class action. Under this proposed coordinated approach, each witness with knowledge of issues relating to the SEC's claims concerning September 15-16, 2008 would only be deposed once on those issues for purposes of both the SEC's case and the class action.

This could result in a substantial reduction in defense costs, because it means that even assuming (contrary to Defendants' expectation) that Defendants' motion to dismiss the class action is not granted in full, there will be no possibility that multiple witnesses will be deposed initially in the SEC's case regarding the events of September 15-16, 2008, and then be subject to separate depositions at a later time on the same issues in the class action. Conducting the depositions in this cost-efficient manner need not cause any substantial delay to the SEC's case (and in any event, any such insubstantial delay would be outweighed by the efficiencies and cost-savings that could be achieved). Defendants believe that under the foregoing streamlined approach, depositions in the SEC case could begin and be completed within approximately 90 days of this Court's ruling on the motion to dismiss in the class action.

If the Court were to adopt this streamlined approach to depositions, then Defendants would propose that fact discovery commence by July 2, 2010; depositions commence within 10 days of the issuance of the Court's ruling on Defendants' forthcoming motion to dismiss the class action; and depositions and all other fact discovery end within approximately 90 days of the Court's ruling on Defendants' motion to dismiss the class action. All dispositive motions could be filed within six weeks thereafter, and expert discovery could be scheduled to overlap with (and therefore not delay) the proposed briefing schedule for dispositive motions.

Honorable Paul G. Gardephe
June 16, 2010
Page 3

      Finally, if the Court decides that it is not appropriate to adopt the above approach to discovery, then Defendants would request that the Court consider adopting the initial discovery proposal Defendants set forth in the Joint Submission, pursuant to which the parties in the SEC case would complete all fact discovery, including all depositions, by November 5, 2010 and complete briefing of all dispositive motions by December 22, 2010.

Respectfully,

Stephen A. Best

cc:    Christopher M. Mason, Esq. (via email)
        Mark Holland, Esq. (via email)
        Tariq Mundiya, Esq. (via email)
        Nancy A. Brown, Esq. (via email)
        John Browne (via email)

# EXHIBIT 3

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

## ATTORNEYS AT LAW

### NEW YORK • CALIFORNIA • LOUISIANA

John C. Browne
johnb@blbglaw.com
212-554-1398

April 6, 2012

**Via Facsimile**

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 920
New York, NY 10007-1312

> Re:     *In re The Reserve Primary Fund Securities & Derivative Class Action Litigation*,
>         08-cv-08060 (PGG), consolidated member case, 09-md-2011 (PGG)

Dear Judge Gardephe:

We represent the Court-appointed Lead Plaintiff Third Avenue Institutional International Value Fund L.P. ("Lead Plaintiff") in the above-captioned class action. In light of this Court's March 29, 2012 Order denying the parties' summary judgment motions in the related action, *Securities and Exchange Commission v. Reserve Management Company, Inc.*, 09-cv-4246 (PGG), Lead Plaintiff submits that the time is ripe for the parties in these consolidated actions to again engage in settlement discussions. Obviously, if such discussions are successful, it would relieve the substantial burdens that would be imposed on the Court and all parties of conducting a trial in the SEC action and litigating the (partially related) issues raised in the class action.

Accordingly, Lead Plaintiff respectfully requests that the Court order the parties in the SEC action and the class action to conduct by April 30 an in-person conference to explore whether progress can be made towards settlement. Ordering the conference to take place within three weeks will ensure that it will not disrupt any schedule that the Court may enter regarding the upcoming trial in the SEC action. The details of the conference – whether principals should attend, etc. -- can be worked out among the parties.

Respectfully submitted,



John C. Browne

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hon. Paul G. Gardephe
April 6, 2012
Page 2

Cc (via email & facsimile):
      Nancy A. Brown, Esq. (counsel for the SEC)
      Michael D. Birnbaum, Esq. (counsel for the SEC)
      John Dellaportas, Esq. (counsel for the Defendants)
      Mark Holland, Esq. (counsel for the Independent Trustees of the Reserve Primary Fund)

EXHIBIT 4

# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

## ATTORNEYS AT LAW

### NEW YORK ● CALIFORNIA ● LOUISIANA

John C. Browne
johnb@blbglaw.com
212-554-1398

April 12, 2012

**Via Email**

Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 920
New York, NY 10007-1312

      Re:    *SEC v. Reserve Management Company, Inc., et al.*, No. 09 Civ. 4346 (PGG)

Dear Judge Gardephe:

      We write on behalf of Lead Plaintiff to respond briefly to defendants' April 11, 2012 letter regarding our request that the Court order a settlement conference in the above referenced matters.

      Defendants do not object to scheduling a settlement conference, and for that reason alone, we respectfully submit that a conference should be ordered. While defendants express a concern about the "timing" of such a conference, Lead Plaintiff does not believe the Court needs to issue any additional rulings prior to a settlement conference. In Lead Plaintiff's view, the extensive discovery record and the recent detailed rulings on the summary judgment motions in the SEC action provide the parties with sufficient information to make reasonable and informed judgments regarding settlement at this time.

Respectfully submitted,

John C. Browne

Cc (via email):
      Nancy A. Brown, Esq. (counsel for the SEC)
      John Dellaportas, Esq. (counsel for the Defendants)

1285 AVENUE OF THE AMERICAS ● NEW YORK ● NY 10019-6028
TELEPHONE: 212-554-1400 ● www.blbglaw.com ● FACSIMILE: 212-554-1444