**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE THE RESERVE PRIMARY FUND SECURITIES & DERIVATIVE CLASS ACTION LITIGATION | No. 08-cv-8060-PGG (Class Action) |

**REPLY MEMORANDUM AND NOTICE OF NON-OPPOSITION IN FURTHER**
**SUPPORT OF LEAD PLAINTIFF'S MOTION FOR (I) PRELIMINARY APPROVAL**
**OF SETTLEMENT, (II) CERTIFICATION OF THE CLASS FOR PURPOSES OF**
**SETTLEMENT, AND (III) APPROVAL OF NOTICE TO THE CLASS**

**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**
Max W. Berger
John C. Browne
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 554-1400
Fax: (212) 554-1444

*Attorneys for Lead Plaintiff and the Class*

I.        **REPLY IN SUPPORT OF CLASS SETTLEMENT**

As the Court is aware, following over six months of extensive negotiations before an experienced mediator and former federal judge, Lead Plaintiff, Defendants, the Primary Fund, and the Independent Trustees have reached an agreement to settle this securities class action.  If approved by the Court, the Settlement will result in a substantial payment to Class Members, resolve this class action in its entirety, and allow for the prompt distribution of the majority of the approximately $97 million in shareholder funds that are currently being withheld in an Expense Fund pursuant to this Court's November 25, 2009 Order (ECF No. 348 in the SEC Action; the "November 25, 2009 Order").[1]

Lead Plaintiff filed the Settlement and its opening brief on September 6, 2013.  The deadline for filing any opposition brief to the Settlement passed on September 23, 2013.  Lead Plaintiff is pleased to inform the Court that not a single opposition brief was filed or served, and no Class Member has objected to granting preliminary approval of the Settlement, which is fully supported by the sophisticated institutional investor lead plaintiff as well as by the Independent Trustees.

As explained in more detail in Lead Plaintiff's opening brief, the Settlement is an excellent result for shareholders.  The Settlement, which was the result of intense negotiations involving multiple parties, resolves a vast array of complicated and uncertain issues, halts the constant drain on the Fund's remaining assets, and would enable shareholders to promptly receive a substantial distribution.  Among other things, the Settlement provides for a $10 million cash payment from Defendants.  The Settlement also requires Defendants to relinquish approximately $42.5 million of

---

[1] "SEC Action" refers to *Securities and Exchange Commission v. Reserve Management Company, Inc.,* 09-cv-4346-PGG (S.D.N.Y.).

their more than $72 million of their claims against the Expense Fund.[2]  In addition, the Settlement provides for the release of the $2.5 million holdback this Court reserved for potential claims against State Street, so that those funds can be distributed to investors.  Indeed, State Street has contacted the parties and indicated that it has no objection to distributing the $2.5 million holdback to investors on the condition that the parties make minor revisions to the Settlement relating only to the provisions pertaining to State Street.  The parties have agreed to do so, as set forth in Amendment No. 1 to the Stipulation and Agreement of Settlement Dated August 14, 2013 ("Amendment"), attached hereto as Exhibit 2.  Finally, the Settlement obtains the release and dismissal of the Defendants' Third Party Complaint against the Independent Trustees and requires Defendants to use good faith efforts to resolve their malpractice lawsuit against Wilkie Farr & Gallagher.  *See* Opening Brief, at pp. 15-17.

As set forth above, no Class Member has objected to granting preliminary approval.  The only correspondence submitted by anyone in response to Lead Plaintiff's motion for preliminary approval was from the SEC (a non-class member) by letter dated September 9, 2013.  *See* ECF No. 641 in the SEC Action.  Lead Plaintiff responded on September 11, 2013.  *See* ECF No. 644 in the SEC Action.[3]  Importantly, the SEC did not dispute that the Settlement is fair, reasonable and adequate, but rather sought only to delay the settlement process until the Court ruled on motions that were then-pending in the SEC Action.  The SEC's concerns regarding preliminary approval are now moot in light of the Court's September 30, 2013 Memorandum Opinion and

---

[2]  Because there is essentially no dispute that Defendants are entitled to a payment of approximately $12 million from the Expense Fund, the proposed Class settlement calls for Defendants to forego more than 70 percent of their $60 million in truly disputed claims.   *See* Memorandum of Law in Support of Lead Plaintiff's Motion for (I) Preliminary Approval of Settlement, (II) Certification of the Class for Settlement Purposes, and (III) Approval of the Notice to the Class ("Opening Brief," ECF No. 92), at p. 4, n.4.

[3]  Lead Plaintiff's September 11, 2013 letter to the Court (ECF No. 644 in the SEC Action) is attached hereto as Exhibit 1 and incorporated herein by reference.

Order adjudicating those motions.  ECF No. 648 in SEC Action.  Because there are now no (even arguable) objections to granting preliminary approval of the Settlement, Lead Plaintiff, Defendants, and the Independent Trustees respectfully request that the Court grant preliminary approval and schedule a final approval hearing on the schedule outlined below, which was agreed to by the parties and set forth in the proposed Preliminary Approval Order:

| Event | Time for Compliance |
|---|---|
| Deadline for mailing the Notice (the "Notice Date") | 10 business days after entry of the Preliminary Approval Order |
| Deadline for publishing Summary Notice | 5 business days after the Notice Date |
| Filing of papers in support of final approval of Settlement, Plan of Allocation, and Lead Counsel's fee and expense request | 35 calendar days before the Final Approval Hearing |
| Receipt deadline for objections and requests for exclusion from the Class | 21 calendar days before the Final Approval Hearing |
| Filing of reply papers in support of final approval of Settlement, Plan of Allocation, and Lead Counsel's fee and expense request | 7 calendar days before the Final Approval Hearing |
| Final Approval Hearing | (100 days after the filing of this Motion) **On December 16, 2013**, or at the Court's earliest convenience thereafter |

At the Final Approval Hearing, and after the Class has been given notice of the Settlement, the Court will have before it more extensive motion papers in support of the Settlement.  At that time, and with the benefit of any Class Member responses that may be submitted the Court will be asked to make a determination as to whether the Settlement is fair, reasonable, and adequate under all of the circumstances surrounding the case.  At this time, Lead Plaintiff requests only that the Court grant preliminary approval of the Settlement so that notice of the Settlement may be disseminated to the Class and the Final Approval Hearing may be scheduled.[4]

---

[4] The preliminary approval sought here merely requires an initial fairness evaluation to ensure that the proposed Settlement "falls within the range of possible approval."  *In re Initial Pub. Offering Sec. Litig.*, 243 F.R.D. 79, 87 (S.D.N.Y. 2007); *see also Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,*

II.     **CONCLUSION**

For all the foregoing reasons and those stated in Lead Plaintiff's opening brief, Lead Plaintiff respectfully requests that the Court grant preliminary approval of the proposed Settlement; certify the Class and appoint Lead Plaintiff as class representatives and Lead Counsel as class counsel, for purposes of the Settlement; and approve the form and manner of providing notice of the Settlement to the Class.  For the Court's convenience, and due to the minor changes to the Notice as stated in the Amendment, the proposed Preliminary Approval Order (with the exhibits, including the revised Notice) is attached hereto as Exhibit 3.

Dated: October 1, 2013
         New York, New York

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**

*/s/ John C. Browne*
JOHN C. BROWNE

Max W. Berger
John C. Browne
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

*Attorneys for Lead Plaintiff*

---

396 F.3d 96, 116-17 (2d. Cir. 2005) (there is a "strong judicial policy in favor of settlements, particularly in the class action context.  The compromise of complex litigation is encouraged by the courts and favored by public policy"; strong "presumption of fairness" where settlement is product of arm's-length negotiations conducted by experienced, capable counsel after meaningful discovery) (internal quotations and citation omitted); *see also Ne. Trading, Inc. v. Ven-Co Produce, Inc.*, No. 09 Civ. 7767 (PGG), 2011 WL 4444511, at *4 (S.D.N.Y. Sept. 26, 2011) (Gardephe, P.) (recognizing the "strong judicial policy in favor of settlements") (internal quotations and citation omitted).