# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA • ILLINOIS

John C. Browne
johnb@blbglaw.com
212-554-1398

December 18, 2013

Docket + File

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/14

**Via Email & Hand Delivery**
Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 920
New York, NY 10007-1312

Re:   *In re The Reserve Primary Fund Securities & Derivative Class Action Litigation*,
      09-md-2011 (PGG)

Dear Judge Gardephe:

We represent the Court-appointed Lead Plaintiff Third Avenue Institutional International Value Fund L.P. ("Lead Plaintiff") in the above-captioned class action, and write together with counsel for Defendants and the Independent Trustees.

Pursuant to Your Honor's request during the December 16, 2013 hearing on final approval of the class action Settlement, we have jointly revised the proposed Order and Final Judgment to provide a mechanism for addressing a potential reduction to the amount of the Future Defense Fund in light of efforts to resolve the SEC Action and the Massachusetts Action. Specifically, we have added the following provision at paragraph 11 of the proposed Order and Final Judgment:

> The parties shall use their best efforts to resolve the SEC Action and the Massachusetts Action and shall provide the Court with a status update within 30 days of the entry of this Judgment. As soon as practicable thereafter, Lead Plaintiff shall file a motion for entry of a Final Distribution Order. In the event that both the SEC Action and the Massachusetts Action are finally resolved prior to the Court's entry of the Final Distribution Order, any holdback in subparagraph 11a. not yet paid or invoiced shall be made available for distribution to Shareholders. In the event that either the SEC Action or the Massachusetts Action remains unresolved prior to the Court's entry of the Final Distribution Order, subparagraph 11a. of the Stipulation shall govern, including but not limited to the provision requiring the Mediator to approve all amounts to be disbursed from the Future Defense Fund. Once both the SEC Action and the Massachusetts Action are finally resolved, all funds remaining in the holdback in subparagraph 11a. shall, if economically feasible, be distributed to Class Members and other

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

Hon. Paul G. Gardephe
December 18, 2013
Page 2

Shareholders; if not economically feasible, the remaining funds shall be escheated per applicable law, or as otherwise ordered by the Court.

We respectfully submit that prompt entry of the proposed Judgment will assist the parties in their efforts to expedite resolution of both the SEC Action and the Massachusetts Action. Moreover, entry of the Judgment will enable the parties to make a motion for final distribution as soon as possible, which will increase shareholder recovery by eliminating the need for the Fund to incur monthly operating expenses.

For the Court's convenience, we have enclosed the amended proposed Order and Final Judgment (Exhibit A), as well as the proposed Order Granting Motion for Attorneys' Fees and Reimbursement of Litigation Expense (Exhibit B).

We appreciate the Court's consideration of these matters.

Respectfully submitted,

John C. Browne

cc (via email & facsimile):
John Dellaportas, Esq. (counsel for the Defendants)
Mark Holland, Esq. (counsel for the Independent Trustees)

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE THE RESERVE PRIMARY FUND SECURITIES & DERIVATIVE CLASS ACTION LITIGATION | No. 08-cv-8060-PGG (Class Action) |

### [AMENDED PROPOSED] ORDER AND FINAL JUDGMENT

This matter came for hearing on December 16, 2013 (the "Settlement Hearing"), on the application of Lead Plaintiff to determine whether the terms and conditions of the Stipulation and Agreement of Settlement Dated August 14, 2013, subject to Amendment No. 1 to the Stipulation and Agreement of Settlement Dated August 14, 2013 (collectively, the "Stipulation" or the "Settlement") are fair, reasonable, and adequate, and should be approved.

The Court having considered all matters submitted to it at the Settlement Hearing and otherwise;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order and Final Judgment hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. This Court has jurisdiction over the Expense Fund, as established in paragraph 5 of the Court's November 25, 2009 Order (ECF No. 201 in the SEC Action), and subject to the Court's subsequent orders relating to the Expense Fund.

4. Notice of the pendency of the Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all Persons who are Class Members, advising them of the Settlement, and of their right to object thereto, and a full and fair opportunity was accorded to all Persons who are Class Members to be heard with respect to the Settlement. Thus, it is hereby determined that all Class Members, other than the Person listed on Exhibit 1 hereto, are bound by this Order and Final Judgment.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Class Members. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

7. The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

8. The Complaint and Third Party Complaint are hereby dismissed on the merits with prejudice and without costs except for the payments expressly provided for in the Stipulation.

9. Upon the Effective Date, Lead Plaintiff and Members of the Class shall fully and finally release any and all of the Class Members' Released Claims as against the Released Parties.

10. Upon the Effective Date, Defendants shall fully and finally release any and all current claims and future claims against the Expense Fund or other assets of the Primary Fund, except that (a) Defendants do not release their right to seek reimbursement for defense costs in accordance with Paragraph 11a. of the Stipulation and (b) nothing in the Stipulation shall limit Defendants' rights to participate in Shareholder distributions of the remaining assets of the Primary Fund other than distribution of the Cash Contribution, as Shareholders of the Primary Fund, in accordance with the Court's pro rata distribution plan in the Court's November 25, 2009 Order in the SEC Action, and all subsequent orders of the Court related to the pro rata distribution of the Primary Fund, with the addition of a $10.00 minimum distribution as set forth in the Notice.

11. The parties shall use their best efforts to resolve the SEC Action and the Massachusetts Action and shall provide the Court with a status update within 30 days of the entry of this Judgment. As soon as practicable thereafter, Lead Plaintiff shall file a motion for

entry of a Final Distribution Order. In the event that both the SEC Action and the Massachusetts Action are finally resolved prior to the Court's entry of the Final Distribution Order, any holdback in subparagraph 11a. not yet paid or invoiced shall be made available for distribution to Shareholders. In the event that either the SEC Action or the Massachusetts Action remains unresolved prior to the Court's entry of the Final Distribution Order, subparagraph 11a. of the Stipulation shall govern, including but not limited to the provision requiring the Mediator to approve all amounts to be disbursed from the Future Defense Fund. Once both the SEC Action and the Massachusetts Action are finally resolved, all funds remaining in the holdback in subparagraph 11a. shall, if economically feasible, be distributed to Class Members and other Shareholders; if not economically feasible, the remaining funds shall be escheated per applicable law, or as otherwise ordered by the Court.

12. Upon the Effective Date, Defendants shall fully and finally release any and all Released Claims against Lead Plaintiff, Lead Counsel, any other Class Member, the Primary Fund (including its current officers, in their capacities as such), Crederian, Eugene P. Grace, in his capacity as Chief Administrative Officer of Crederian in its capacity as service provider of the Expense Fund, and the Independent Trustees.

13. Upon the Effective Date, the Independent Trustees and the Primary Fund (including its current officers, in their capacities as such) shall fully and finally release any and all Released Claims against Lead Plaintiff, Lead Counsel, any other Class Member, and Defendants.

14. Upon the Effective Date, Defendants, in their individual capacities and on behalf of all of their agents, affiliates and Funds for whom State Street acted as a custodian, shall fully and finally release any and all claims that they have asserted or could potentially assert against

State Street Bank and Trust Company, its agents and affiliates and their respective officers, directors and employees, in their respective capacities as such, for which $2.5 million is currently held in the Expense Fund, but that will instead be included as part of the Settlement Fund as described in paragraph 9c. of the Stipulation.

15. The Reimbursement Payments (as defined in the Stipulation) payable to Reserve Management Company, Inc. may be made to Reserve Management Company, Inc. upon entry of this Order And Final Judgment notwithstanding that the Effective Date has not occurred and notwithstanding any objections or appeals or collateral attack thereon, subject to Defendants' obligation to (a) simultaneously pay or cause to be paid the Cash Contribution (as defined in the Stipulation); and (b) cause the Reimbursement Payments to be promptly returned in the event the Court's approval of the Settlement is effectively reversed as a result of a final order on appeal or other proceedings (at which time the Cash Contribution would also be returned), as provided for in Paragraph 9b. of the Stipulation.

16. The fact and terms of the Stipulation, including exhibits thereto, this Order and Final Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a) shall not be offered or received as evidence of, or be deemed to be evidence of, any presumption, concession or admission with respect to the truth of any fact alleged by any Settling Party or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action (including the Complaint and the Third Party Complaint) or in any other litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault or wrongdoing;

(b) shall not be offered or received as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document, or as evidence of any infirmity in any claims asserted in the Complaint or the Third Party Complaint;

(c) shall not be offered or received as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Settling Parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Settlement is approved by the Court, any Person may refer to it to effectuate the liability protection granted them hereunder;

(d) shall not be construed as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) shall not be construed as or received in evidence as an admission, concession or presumption that any of the claims in the Complaint or Third Party Complaint are without merit or that damages recoverable under the Complaint or Third Party Complaint would not have exceeded the amounts set forth herein.

17. The Court reserves jurisdiction, without affecting in any way the finality of this Order and Final Judgment, (a) over implementation and enforcement of the Settlement; (b) disposition of the remaining assets of the Primary Fund and the Settlement Fund; (c) hearing and determining Lead Counsel's application for attorneys' fees, costs, interest and expenses; (d) enforcing and administering this Order and Final Judgment; (e) enforcing and administering the

Stipulation including any releases executed in connection therewith; and (f) other matters related or ancillary to the foregoing.

18. A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses as allowed by the Court. Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

19. In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or referred to in any action or proceedings by any Person; the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action as of February 27, 2013; and paragraph 38 of the Stipulation shall govern.

20. The Court hereby finds and concludes that the Plan of Allocation proposed by Lead Plaintiff for distribution to Class Members and other Primary Fund Shareholders, which is the distribution plan in the Court's November 25, 2009 Order in the SEC Action (the "November 25, 2009 Order") and related orders, with the addition of a $10.00 minimum distribution as set forth in the Notice, is, in all respects, fair and equitable to the Class. Accordingly, the Court approves the Plan of Allocation proposed by Lead Plaintiff.

21. The Court approves of the Settlement in its entirety, including but not limited to the provision in the Stipulation (paragraphs 10 and 11) requiring that the Cash Contribution be distributed to Class Members only; and that the remaining assets of the Primary Fund will be distributed to Primary Fund Shareholders, including Class Members, consistent with this Court's November 25, 2009 Order, and all subsequent orders of the Court related to the pro rata

distribution of the Primary Fund, subject to the $10.00 minimum distribution, as will be set forth in a Final Distribution Order.

22.     As set forth in this Court's Order entered November 18, 2010 (ECF No. 348) in the SEC Action, Reserve Management Company, Inc. and Resrv Partners shall be responsible for the retention of records prior to November 23, 2010 to the extent and for the time periods required by law, and they shall be compensated for their reasonable costs and expenses in doing so.

23.     Without further Order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

24.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated:      New York, New York
            _____, 2013

                                          _____
                                          HONORABLE PAUL G. GARDEPHE
                                          UNITED STATES DISTRICT JUDGE

## Exhibit 1

**Person Excluded from the Class
Pursuant to Request for Exclusion**

Edward J. Burkhard, Jr.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE THE RESERVE PRIMARY FUND SECURITIES & DERIVATIVE CLASS ACTION LITIGATION | No. 08-cv-8060-PGG<br><br>(Class Action) |

**[PROPOSED] ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

WHEREAS, Lead Plaintiff's motion for an award of attorneys' fees and reimbursement of litigation expenses (the "Fee Motion," ECF Nos. 99 and 100) came before the Court for hearing on December 16, 2013, pursuant to the Court's Order Preliminarily Approving Settlement And Providing For Notice ("Preliminary Approval Order," ECF No. 95), and due and adequate notice having been given to the Class as required in the Preliminary Approval Order, and the Court, having read and considered the Fee Motion, and supporting declarations and exhibits and being fully informed of the related proceedings, now FINDS, CONCLUDES AND ORDERS as follows:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated August 14, 2013, which was previously filed with the Court on September 6, 2013 (ECF No. 91-1), as amended by the Amendment No. 1 to the Stipulation and Agreement of Settlement Dated August 14, 2013 dated as of September 27, 2013 (ECF No. 94-2) (collectively, the "Stipulation" or the "Settlement"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Class.

3. Notice of the Fee Motion was directed to Class Members in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure.

4. Class Members and any party from whom payment is sought have been given the opportunity to object to the Fee Motion in compliance with Federal Rule of Civil Procedure 23(h)(2).

5. The Fee Motion is hereby GRANTED.

6. The Court hereby awards attorneys' fees in the amount of $5 million. The Court finds that this award of attorneys' fees is fair and reasonable in light of the following factors, among others: the time and labor expended by Plaintiffs' Counsel, the risks of the litigation, the magnitude and complexity of the Action, the quality of Lead Counsel's representation, the amount of the fee in relation to the Settlement, the Lead Plaintiff's support of the requested fee and expense award, and the reaction of the Class. Further, the requested award of attorneys' fees is also supported by a lodestar multiplier cross-check.

7. The Court also grants Lead Counsel's request for reimbursement of Plaintiffs' Counsel's litigation expenses in the amount of $126,008.62. The litigation expenses incurred by Plaintiffs' Counsel have been adequately documented and were reasonably incurred for the benefit of the Class, and the Court finds that reimbursement of those expenses is justified.

8. Consistent with Paragraph 23 of the Stipulation, the attorneys' fees and expenses awarded in Paragraphs 6 and 7 of this Order may be paid to Lead Counsel from the Primary Fund immediately upon award by this Court notwithstanding that the Effective Date (as defined in the Stipulation) has not occurred and notwithstanding any objections or appeals or collateral attack thereon, subject to Plaintiffs' Counsel's obligation to promptly return the amounts in the event the amounts are modified or eliminated as a result of a final order on appeal or other proceedings.

9.  Pursuant to Paragraph 21 of the Stipulation, Lead Counsel shall have the sole authority to allocate the Court-awarded attorneys' fees among Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the prosecution and settlement of the Action.

10. The finality of the Judgment entered with respect to the Settlement shall not be affected in any manner by this Order, or an appeal from this Order.

11. There is no just reason for delay in the entry of this Order, and immediate entry of this Order by the Clerk of the Court is expressly directed.

SO ORDERED this _____ day of _____, 2013.

_____
HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE