GOODWIN | PROCTER

Mark Holland
212.459.7152
MHolland@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: 212.813.8800
F: 212.355.3333

May 14, 2014

**BY ECF AND FEDERAL EXPRESS**

Hon. Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *In re The Reserve Primary Fund Securities & Derivative Litigation*,
      **No. 08-cv-8060 (PGG)**

Dear Judge Gardephe:

      We write on behalf of our clients, the Independent Trustees of the Primary Fund-In Liquidation ("Fund"), to update the Court regarding the status of our efforts to resolve the "Massachusetts Action" against the Fund referred to in paragraph 11 of the Final Order and Judgment entered on January 13, 2014. (*See* letter dated February 14, 2014 from Mark Holland, Esq. to Hon. Paul G. Gardephe for the initial status report on our efforts.)

      We are pleased to report that the Reserve Funds Trust (the "Trust"), of which the Fund is a series, and the Massachusetts Securities Division (the "MSD") have resolved the Massachusetts Action with respect to the Fund and the Trust. A Consent Order was filed with the MSD on May 2, 2014. The Consent Order does not require the Fund or the Trust to make any monetary payment as a result of the Fund's conduct.

      We understand that the MDS and the three other respondents to the Massachusetts Action, Reserve Management Company, Inc., Resrv Partners, Inc. and Bruce Bent II, (collectively, the "RMCI Respondents"), continue to discuss a possible settlement. The Independent Trustees remain hopeful that such a settlement can be reached soon, so that the bulk of the $4 million Defense Fund provided for in the Stipulation of Settlement can be distributed to Fund shareholders as part of the final distribution. (As the Court may recall, if the amount in the

ACTIVE/72938658.1

GOODWIN | PROCTER

Hon. Paul G. Gardephe
May 13, 2014
Page 2

Defense Fund is not included in the final distribution of Fund assets, it would be impracticable to distribute that amount to shareholders separately.)[1]

      The Independent Trustees (as well as the other parties to this litigation) are acutely aware of the need to balance the desire for a prompt distribution of the remaining assets in the Fund with the desire to maximize the amount of that final distribution by including the money remaining in the Defense Fund. The Independent Trustees are closely monitoring the status of the negotiations between the RMCI Respondents and the MDS and will advise the Court promptly if they believe those negotiations have reached an impasse, such that it may make sense to make a final distribution of Fund assets that does not include the remaining money in the Defense Fund.

      We are, of course, available to answer any questions the Court may have.

Respectfully,

*Mark Holland*

Mark Holland

cc: **Via Email**
     John C. Browne, Esq.
     John Dellaportas, Esq.
     Jeffrey B. Korn, Esq.

---

[1] Approximately $3.6 million remains in the Defense Fund, with all invoices through January 2014 having been paid. This amount will be reduced as further invoices are received and approved by the mediator. In addition, if the RMCI Respondents and the MDS do not settle, additional amounts may need to be held back from the Fund's final distribution to cover potential litigation expenses that the Fund and the Independent Trustees may incur in connection with the Massachusetts Action against the RMCI Respondents.

ACTIVE/72938658.1