

Mark Holland
212.459.7152
MHolland@goodwinprocter.com

Goodwin Procter LLP
Counselors at Law
The New York Times Building
620 Eighth Avenue
New York, NY 10018
T: 212.813.8800
F: 212.355.3333

August 20, 2014

**BY ECF**

Hon. Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Rm. 2204
New York, NY 10007

Re: *In re The Reserve Fund Securities and Derivative Litigation*, **No. 08-cv-8060 (PGG)**

Dear Judge Gardephe:

On behalf of our clients, the Independent Trustees of the Primary Fund-In Liquidation (f/k/a the Reserve Primary Fund) (the "Fund"), we write regarding Lead Plaintiff's August 15, 2014 Motion for Entry of a Final Distribution Order (ECF No. 117). The Independent Trustees fully support Lead Plaintiff's Motion. If the Motion is approved promptly, over $67 million of the Fund's remaining $69.7 million in assets will be distributed to Fund shareholders.

The Motion contemplates that the Independent Trustees will submit a revised "Post-Distribution Budget," and paragraph 2 of the Proposed Final Distribution Order accompanying Lead Plaintiff's Motion provides for $1,910,213 to be held back from the final distribution to pay for expenses anticipated to be incurred by the Fund after that final distribution as set forth in the revised Post-Distribution Budget. This letter constitutes that revised Post-Distribution Budget.

As the Court may recall, Section 11(b) of the Stipulation and Agreement of Settlement required the Independent Trustees to submit a proposed Post-Distribution Budget. The amounts in that Budget, if approved by the Court, would be held back from the Fund's final distribution. The Independent Trustees submitted that document on October 11, 2013 (ECF No. 96) (the "October 2013 Submission"). A copy of that October 2013 Submission is attached as Exhibit A. At that time, the Independent Trustees recommended that $1,995,838 be withheld from the final distribution to pay for the costs associated with completing that distribution, closing down the Fund, and complying with applicable laws and regulations. The Trustees noted, however, that the October 13 Submission reflected the Trustees' best estimates based upon then current

Hon. Paul G. Gardephe
August 20, 2014
Page 2

information and conditions, and requested permission to submit a revised Post-Distribution Budget for the Court's approval shortly before the final distribution occurs.

The Independent Trustees now recommend that the amount to be withheld from the final distribution be reduced to $1,910,213. This amount would pay for the following anticipated costs:

| | | |
|---|---|---:|
| 1. | Liquidating Services Agent | $1,040,204 |
| 2. | Legal | 175,000 |
| 4. | Independent Trustee Compensation | 72,000 |
| 5. | Other Vendors | 116,000 |
| 6. | D&O Insurance | 274,094 |
| 7. | RMCI Record Retention | 62,915 |
| 8. | Contingency | 170,000 |
| | **TOTAL** | **$1,910,213** |

We discuss each of these categories below.

1. Liquidating Services Agent – *Crederian Fund Services LLC*

Crederian's estimated fee for providing services to the Fund following the final distribution has not changed from the October 2013 Submission. The services covered by Crederian's fees are explained in that Submission.

2. Legal

   a. *Willkie Farr & Gallagher LLP*

Willkie Farr & Gallagher LLP, counsel to the Fund, now estimate that their legal fees for services performed after the final distribution, including tax and corporate advice in connection with dissolving the Fund, will be $125,000. This is a reduction of $35,000 from their previous estimate.

   b. *Goodwin Procter LLP*

The Independent Trustees continue to budget $50,000 for advice they may seek from Goodwin Procter LLP, counsel to the Independent Trustees, separate and apart from Willkie. This amount has not changed from the October 2013 Submission.

Since all pending or threatened litigation (including regulatory actions) involving the Fund is now over, no additional amount needs to be held back from the final distribution to cover anticipated legal fees associated with any such litigation.

3. Independent Trustee Compensation

The plans for Trustee resignations and the amounts for Trustee compensation have not changed since the October 2013 Submission.

4. Other Vendors

As explained in the October 2013 Submission, the Fund will require services from four vendors following the final distribution. Some of those services have now been performed, and other estimates have been reduced, as follows:

   a. State Street will provide on-going accounting, custody, banking, and cash management services. The estimated cost, $45,134, remains the same as in the October 2013 Submission.

   b. Keane will provide escheatment services for unclaimed funds for all relevant jurisdictions. The estimated cost for this service has now been reduced from $27,500 to $10,000.

GOODWIN PROCTER

Hon. Paul G. Gardephe
August 20, 2014
Page 4

      c. Pinnacle Data will provide check creation and mailing services for the final distribution. The estimated cost for these services has now been reduced from $50,000 to $20,000.

      d. Thompson Reuters will provide tax (Form 1099) preparation and mailing services. The estimated cost for these services has been reduced from $50,000 to $40,000.

5. <u>Insurance</u>

As explained in the October 2013 Submission, the Fund will obtain "tail" coverage to provide director and officer liability protection following the Fund's liquidation. The Fund has arranged to procure a six-year $5 million policy from an affiliate of The Hartford for a total premium of approximately $274,094 – an increase from the $200,000 quoted in the October 2013 Submission. The reason for this increase is that in October 2013, the Trustees expected the Fund to make the final distribution in the Spring of 2014, in which case the Fund would receive a refund from its current D&O policy which could be applied to the tail policy. However, resolving regulatory litigation issues took longer than anticipated and required the Fund to keep its current D&O policy in place longer than planned. Of course, by holding off on the final distribution until that litigation was resolved, much of the $4 million in the Defense Fund that was provided for in the Stipulation and Agreement of Settlement is now available for distribution to Fund shareholders.

6. <u>RMCI Record Retention</u>

This Court's November 18, 2010 Order authorizing the retention of Crederian as the Fund's liquidating services agent provided that RMCI and Resrv Partners would be responsible for retention of the Fund's records prior to November 23, 2010 for the periods required by law and that RMCI "shall be compensated for its reasonable costs and expenses in providing these services." RMCI's statutory obligation to retain records runs through November 30, 2016. The Fund has been reimbursing RMCI for its storage costs of approximately $3,500 per month in accordance with the Court's Order. Since the date of the final distribution will be later than anticipated, more of those monthly costs have already been paid. As a result, the Fund now anticipates that RMCI's storage costs following the final distribution will be $62,915 – a reduction from the $96,000 contained in the October 2013 Submission.

ACTIVE/76877275.3

Hon. Paul G. Gardephe
August 20, 2014
Page 5

7.      Contingency

The Independent Trustees continue to deem it prudent to create a contingency of approximately 10% of the post-distribution budget, or $170,000, to deal with unanticipated expenses. (Since this revised Post-Distribution Budget is approximately $80,000 less than the initial Budget, the Contingency has been slightly reduced as well.) Any amounts that are not used would, subject to the Court's approval, be donated to an appropriate charity or escheated to the relevant States.

The October 2013 Submission also contained an expense item of $60,000 that was to be used to compensate KPMG for tax compliance and related tax consulting services. Because the final distribution will (hopefully) now take place in the Fall of 2014, KPMG will be able to perform the bulk of those services before that final distribution occurs. *If the final distribution does not take place until 2015, however, the Fund would need to hold back an additional amount to compensate KPMG for services related to 2015 taxes.*

The Fund currently has approximately $69.7 million in assets. The Independent Trustees anticipate that if the Court approves the proposed Distribution Order and this revised Post-Distribution Budget promptly, the final distribution will take place in November 2014, and over $67 million will be distributed to Fund shareholders. (This amount is higher than the $64 million amount estimated in the October 2013 Submission because the settlement of all regulatory and other litigation allowed much of the $4 million Defense Fund to be returned to the Fund for distribution to shareholders.)

If the Court approves this revised Post-Distribution Budget, the Independent Trustees intend to authorize the Fund to deposit $1,910,213 in an account at Citizens Bank, 2 East Baltimore Ave., Media, PA 19063, unless the Court orders otherwise. Crederian has used this branch of Citizens Bank (which is near Crederian's offices) in the past, and has a good working relationship with them. The money in that account will only be used to pay for the expenses described in this revised Post-Distribution Budget. The account would be under the supervision of Mr. Artinian, as the sole remaining Trustee of the Fund, for the duration of his tenure. After Mr. Artinian steps down, as explained at page 5 of our October 2013 Submission, the Staff of the Securities and Exchange Commission will assume responsibility for supervising Crederian and providing any assistance it may require until the Fund's six-year record retention obligation is satisfied. (We will request the SEC to designate a member of the Staff to serve as Crederian's principal contact during that period.)

The Independent Trustees therefore respectfully request that the Court approve this revised Post-Distribution Budget, as well as Lead Plaintiff's Motion for Entry of a Final Distribution Order.

We thank the Court for its continued assistance and consideration. Should the Court have any questions regarding this revised Post-Distribution Budget, or require any further information, we will, of course, make every effort to provide it.

Respectfully,

Mark Holland

cc: **By Email**
Nancy A. Brown, Esq.
Michael D. Birnbaum, Esq.
John Dellaportas, Esq.
Robert M. Romano, Esq.
John C. Browne, Esq.
Tariq Mundiya, Esq.
Jeffery B. Korn, Esq.
Niki Mendoza, Esq.